[No. 43079-3-I.   Division One.   February 22, 2000.]

THE STATE OF WASHINGTON, *Respondent,* v. MICHAEL GUY TETREAULT, *Appellant.*

*Eric J. Nielsen* of *Nielsen, Broman & Associates, P.L.L.C.*, for appellant.

*James H. Krider, Prosecuting Attorney*, and *David Frederick Thiele, Deputy*, for respondent.

BAKER, J. — RCW 9.94A.142 provides that a sentencing court shall determine the amount of restitution at the sentencing hearing or within 180 days of sentencing, although the court may extend the 180-day period for good cause. We vacate the restitution order in this case because restitution was not determined within 180 days of sentencing and because a request for extending the 180-day period was not made before that period expired.

I

Michael G. Tetreault pleaded guilty to first degree assault of his child. He was sentenced on September 26, 1997, and a restitution hearing was set for November 21, 1997. Without having previously requested an extension of time, the State struck that restitution hearing date. A restitution hearing was eventually held, well after expiration of the 180-day period for determining restitution prescribed by RCW 9.94A.142. Tetreault objected to the untimely hearing. The trial court found that the State had good cause for the untimely hearing because the State was not able to timely obtain the insurer's documentation related to the

medical expenses of the victim, and subsequently ordered restitution. Tetreault appeals.

## II

■ A sentencing court's authority to order restitution is purely statutory.[1] The restitution statute provides that:

> When restitution is ordered, the court shall determine the amount of restitution due at the sentencing hearing or within one hundred eighty days except as provided in subsection (4) of this section. The court may continue the hearing beyond the one hundred eighty days for good cause.[2]

■ In *State v. Krall*, our Supreme Court held that the use of the word "shall" in former RCW 9.94A.142(1) (1994) created a mandatory 60-day period for determining restitution.[3] In response to *Krall*, the Legislature amended the statute to allow for a 180-day period for determining restitution and for extending that period upon a showing of good cause.[4] But the Legislature retained the language of the former statute requiring that the court "shall" determine the amount of restitution within a prescribed period of time. Thus, we conclude that the 180-day period for determining restitution under the present version of RCW 9.94A.142(1) is also mandatory unless extended. Our conclusion is consistent with the result reached by Division Three of this court in *State v. Johnson*,[5] although the *Johnson* court did not squarely address the mandatory nature of the 180-day period due to the issues raised by the parties on appeal.

We need not decide whether or under what extraordinary and extenuating circumstances a motion could be made after the 180-day period. The facts of this case present no

---

[1]*State v. Davison*, 116 Wn.2d 917, 919, 809 P.2d 1374 (1991).

[2]RCW 9.94A.142(1).

[3]125 Wn.2d 146, 881 P.2d 1040 (1994).

[4]See *State v. Mollichi*, 132 Wn.2d 80, 88 n.3, 936 P.2d 408 (1997).

[5]96 Wn. App. 813, 981 P.2d 25 (1999).

such scenario. The State had difficulty getting the necessary information in time, so it simply struck the hearing date. Because the reason for striking the hearing date is the same reason belatedly offered in support of a motion to continue the hearing beyond 180 days, the motion obviously could and should have been made *within* the 180-day period. The statute does not expressly allow for the State's untimely request in this case.

We are not persuaded by the State's contention that the Legislature's amendment of the statute has converted the permitted time period for imposing restitution into an open-ended period. Our acceptance of that contention would allow for entry of a restitution order years after the original sentence was imposed, limited only by the period of maximum sentence allowed by law, so long as the State could show "good cause" for its untimely request to extend the 180-day period. Such untimely punishment infringes upon a defendant's rights to speedy sentencing set forth under court rules and the sentencing reform act of 1981.[6]

Moreover, a request for extending the 180-day period before that period expires is not, as the State contends, a waste of court resources. The timely submission of a request for extending the 180-day period would allow the court to consider the State's diligence in procuring the necessary evidence as well as other factors that the State has conceded are applicable to a request for a continuance of sentencing such as (1) the length of the delay, (2) the reason for delay, (3) the defendant's assertion of his or her right to speedy sentencing, and (4) the extent of prejudice to the defendant.[7]

The restitution order is vacated.

Reversed.

COLEMAN and BECKER, JJ., concur.

Review denied at 141 Wn.2d 1015 (2000).

---

[6]See *State v. Ellis*, 76 Wn. App. 391, 394-95, 884 P.2d 1360 (1994).

[7]*Id.*; *State v. Johnson*, 100 Wn.2d 607, 629, 674 P.2d 145 (1983), *overruled on other grounds by State v. Bergeron*, 105 Wn.2d 1, 711 P.2d 1000 (1985).