244 P.3d 988 (2010)
STATE of Washington, Respondent,
v.
Steven BURNS, Appellant.
No. 63768-1-I.
Court of Appeals of Washington, Division 1.
December 20, 2010.
Dana M. Lind, Nielsen Broman & Koch PLLC, Jonathan Michael Palmer, Seattle, WA, for Appellant.
Michael John Pellicciotti, Office of the King County Prosecuting Attorney, Seattle, WA, for Respondent.
SPEARMAN, J.
¶ 1 At sentencing, an order was entered pursuant to an agreement between Steven Burns and the State establishing the amount of restitution for his charged crimes. Burns also agreed to pay restitution for certain uncharged crimes, but disputed the amount. The State agreed to schedule a hearing within 180 days of sentencing as required by statute, but failed to do so. Nonetheless, the court entered an order setting restitution for the uncharged crimes. Because the court *989 does not have statutory authority to determine or modify the amount of restitution after the 180 days allowed by RCW 9.94A.753(1), we reverse.

FACTS
¶ 2 The State charged Steven Burns with one count of first degree theft, two counts of second degree theft, and one count of forgery, alleging that Burns had routinely over the course of two years as an employee of All-Tech Collision Center (hereinafter "All-Tech"), made unauthorized payments and forged checks to himself. Burns entered Alford[1] pleas on these charges, and was sentenced on May 16, 2008. Burns agreed to restitution in the amount of $8,923.25 for the charged crimes. At the sentencing hearing, the court ordered restitution in this amount, "plus any additional restitution" for uncharged crimes. The court asked the prosecutor whether she was going to schedule the hearing on additional restitution within the statutory period, and the prosecutor replied, "Yes, Your Honor."
¶ 3 On November 26, 2008, the State filed a notice setting a December 15, 2008 hearing date to address the issue of additional restitution. The hearing date was continued until April 14, 2009 while Burns obtained counsel. On April 14, Burns' counsel filed an objection to the hearing on grounds that the hearing was past the 180-day statutory deadline to determine restitution after sentencing, which would have been November 12, 2008. The State argued the hearing was simply one to modify restitution, which had already been set at the sentencing hearing, and the trial court agreed. Burns failed to appear at this April 14 hearing, and it was reset to May 7, 2009.
¶ 4 The hearing on restitution for uncharged crimes began on May 7 and ended on June 4, 2009. After the hearing, the court ordered Burns to pay "an additional" $73,237.40 in restitution to All-Tech and $20,000 to Zurich Insurance. Burns appeals.

DISCUSSION

Standard of Review
¶ 5 A sentencing court's power to impose restitution is statutory, not inherent. RCW 9.94A.753; State v. Davison, 116 Wash.2d 917, 919, 809 P.2d 1374 (1991). Whether a trial court exceeded its statutory authority is an issue of law reviewed de novo. State v. Murray, 118 Wash.App. 518, 521, 77 P.3d 1188 (2003). Likewise, interpretation of the restitution statute is an issue of law we review de novo. State v. Gonzalez, 168 Wash.2d 256, 263, 226 P.3d 131 (2010) (cert. denied, ___ U.S. ___, 131 S.Ct. 318, 178 L.Ed.2d 207 (2010)).

Restitution to Zurich
¶ 6 When requesting a restitution order, the State must prove by a preponderance of the evidence that but for the defendant's crime, the loss would not have occurred. State v. Kinneman, 122 Wash.App. 850, 860, 95 P.3d 1277 (2004). While the claimed loss need not be established with specific accuracy, it must be supported by substantial credible evidence. State v. Griffith, 164 Wash.2d 960, 965, 195 P.3d 506 (2008).
¶ 7 Here, Burns argues the restitution order is not supported by substantial evidence as to Zurich, because the State presented no testimony or evidence that Zurich paid $20,000 as a result of Burns' crimes. The State concedes error on this issue, and the concession is well taken.

Modification of Restitution
¶ 8 Burns also argues the trial court had no authority to order an amount of restitution for his uncharged crimes, because the restitution hearing to determine the amount occurred more than 180 days after his sentencing hearing. We agree.
¶ 9 Restitution must be determined either at the sentencing hearing or within 180 days after it is ordered:
When restitution is ordered, the court shall determine the amount of restitution due at *990 the sentencing hearing or within one hundred eighty days . . .
RCW 9.94A.753(1). The amount of restitution is "determined" either by the defendant's agreement or by proof by a preponderance of the evidence. State v. Hunsicker, 129 Wash.2d 554, 558-59, 919 P.2d 79 (1996). Here, consistent with the parties' agreement, the restitution for Burns' charged crimes was determined at the May 16, 2008 sentencing hearing to be $8,983.25. The State sought additional restitution in the amount of $73,237.40 for Burns' uncharged crimes. But this amount was disputed by Burns and was not determined until June 4, 2009 hearing, long after the 180-day limit had passed.[2]
¶ 10 The State contends that the additional order of restitution was not subject to the 180-day deadline, but was instead merely a "modification" of restitution under RCW 9.94A.753(4). We disagree. A trial court has discretion to modify a restitution order so long as the offender remains under the court's jurisdiction:
The portion of the sentence concerning restitution may be modified as to amount, terms, and conditions during any period of time the offender remains under the court's jurisdiction, regardless of the expiration of the offender's term of community supervision and regardless of the statutory maximum sentence for the crime.
RCW 9.94A.753(4). There is no restitution to modify, however, if it is not "determined" in the first place under RCW 9.94A.753(1). Here, Burns never agreed to an amount of restitution for the uncharged crimes. Instead, Burns agreed at sentencing only to restitution for the charged crimes, and restitution for uncharged crimes was "to be determined at [a] later date." It was not until the May and June 2009 hearings that the State for the first time attempted to prove by a preponderance of the evidence an amount of restitution for the uncharged crimes. Contrary to the State's claims, the purpose of those hearings was not to modify the original restitution order; rather, it was to prove for the first time the amount of restitution Burns owed for his uncharged crimes. In other words, restitution for the uncharged crimes was not "determined" until June 4, 2009, more than 180 days after sentencing. This violates RCW 9.94A.753(1), and the trial court's June 4, 2009 order setting additional restitution was error.
¶ 11 The State argues our Supreme Court's decision in Gonzalez requires a different result. We disagree. In Gonzalez, the trial court convicted Robert Bustmante Gonzalez of first degree assault and first degree robbery. Gonzalez, 168 Wash.2d at 259-60, 226 P.3d 131. Gonzalez's victim suffered extensive injuries to his face, was airlifted to Harborview Medical Center, and underwent reconstructive surgery. Id. The victim lost most of the vision in his right eye, and underwent months of treatment and rehabilitation after the assault. Id. At the January 5, 2004 sentencing hearing, the trial court ordered Gonzalez to pay more than $20,000 in restitution for expenses incurred as a result of the victim's medical expenses. Id.
¶ 12 After restitution was ordered, the victim continued to accrue medical bills. Id. at 260, 226 P.3d 131. On June 30, 2006, 907 days after sentencing, the State moved for an amended order adding $25,561.30 to the order of restitution. Id. Gonzalez opposed the motion, arguing it could not be brought more than 180 days after sentencing. The trial court granted the motion, and amended the restitution order. Id. The Supreme Court affirmed the trial court, holding that "RCW 9.94A.753(4) unambiguously allows the total amount of restitution to be modified `during any period of time the offender remains under the court's jurisdiction.'" Id. at 266, 226 P.3d 131.
¶ 13 Contrary to the State's arguments, this case is wholly unlike Gonzalez. The restitution at issue in Gonzalez was based on medical expenses incurred by the victim as a result of an assault. The nature of the victim's injury was such that ongoing medical attention was required, including services *991 and treatment after the date the restitution order was entered. As such, at the time, the trial court entered the restitution order, the medical expenses for those services and treatment did not yet exist, and restitution for those medical expenses was undeterminable. The Court found that in this circumstance modification of the original restitution order to include the new expenses was consistent with the legislative purpose:
[N]ot allowing an amendment [to the original restitution order] would severely undermine the legislature's intent. Restitution must "be based on ... actual expenses incurred" for treatment or lost wages resulting from injury. RCW 9.94A.753(3). In other words, the State is not permitted to seek restitution for likely future medical costs or lost wages. If no amendment were available after 180 days, the victim would be limited to restitution for only the first six months of treatment after sentence. Disallowing amendments after 180 days would fundamentally undermine the purpose of the restitution statute where the victim is burdened with an ongoing serious injury.
Gonzalez, 168 Wash.2d at 266, 226 P.3d 131. Unlike Gonzalez, this is not a case where additional damages flowing from the crime continued to accumulate after the original restitution order was entered. In this case, the State does not contend that the amount of additional restitution was undeterminable within the 180-day period following Burns' sentencing. Indeed, the certification for determination of probable cause, drafted in March 2007, lists more than $50,000 in damages alleged to have been incurred as a result of Burns' uncharged crimes. Thus, Gonzalez has no application here, and the trial court order permitting an additional order of restitution beyond the 180-day limit specified in RCW 9.94A.753(1) was error.
¶ 14 We reverse the trial court and remand for vacation of the Additional Order Setting Restitution dated June 4, 2009.
WE CONCUR: SCHINDLER and GROSSE, JJ.
NOTES
[1] North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).
[2] At oral argument the State argued that the substantial delay in holding the hearing was attributable to Burns' efforts to obtain counsel and because he failed to appear at an earlier hearing in April. The State conceded, however, that its first attempt to set a restitution hearing in this matter did not occur until November 26, 2008, already well beyond the 180-day limit.