FILED
COURT OF APPEALS
DIVISION II

2013 SEP 10 AM 8: 38

STATE OF WASHINGTON

BY
         DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | | |
|---|---|---|
| STATE OF WASHINGTON, | | No. 43668-0-II |
| Respondent, | | |
| v. | | PUBLISHED OPINION |
| KODY MICHAEL CHIPMAN, | | |
| Appellant. | | |

MAXA, J. — Kody Michael Chipman appeals a restitution order entered after the 180-day deadline the legislature established in RCW 9.94A.753(1). The State argues that the order is valid because it modifies a timely restitution order regarding another victim. We disagree, and reverse.[1]

## FACTS

On March 31, 2011, Chipman recklessly drove a vehicle that struck two men on foot: Dee Cooper and Daniel Kitchings. Both men sustained serious injuries. The State charged Chipman with three crimes: count I for vehicular assault against Cooper, count II for vehicular assault against Kitchings, and count III for hit and run. He was convicted on all counts. At his sentencing on October 26, 2011, the trial court reserved the restitution issue.

---

[1] A commissioner of this court initially considered this appeal as a motion on the merits under RAP 18.14 and then referred it to a panel of judges.

No. 43668-0-II

On April 9, 2012, the trial court held a restitution hearing to establish the amount Chipman owed to Kitchings, the victim identified in count II. On the day of the hearing, the State also informed Chipman that it would be seeking restitution for Cooper, the victim in count I. The following day the trial court entered an agreed order setting the amount owed to Kitchings, but the order did not address Cooper.

RCW 9.94A.753(1) requires the trial court to determine the amount of restitution due within 180 days of sentencing. On April 26, 2012, the State moved for an order tolling the restitution time period, mistakenly believing that the 180-day period would expire on April 27. In fact, the State later learned that the period actually had expired on April 23. The court granted the motion to allow counsel to appear and argue whether the State was still able to seek restitution for Cooper.

At a May 24, 2012, hearing the State acknowledged that the 180-day period had expired before it filed its motion to toll. Chipman argued that because the State did not move to toll the 180-day period before its expiration, it could no longer seek restitution for Cooper. He further argued that Cooper's restitution request was not merely an amendment or modification of the previously entered restitution order for Kitchings because

> Mr. Cooper's claim is a separate claim. Mr. Chipman's commission of a vehicular assault upon Mr. Cooper was a separately punishable act under the vehicular assault statute, was, therefore, a different unit of prosecution for Mr. Kitchings' case. Everything is different from Mr. Kitchings' claim, from the parties to the injury, to the healthcare providers.

Report of Proceedings (RP) (May 24, 2012) at 7.

The trial court ruled that even though the State had filed its request to toll the time period after the 180-day period expired, there was "good cause for the matter to be set out beyond the 180-day period." RP (May 24, 2012) at 11. Further, the court ruled that State's request for

2

restitution for Cooper was an amendment of the timely-entered Kitchings restitution order, and therefore that "the previous order is sufficient to give this Court jurisdiction." RP (May 24, 2012) at 13.

On June 14, 2012, the parties appeared for an evidentiary hearing to determine the amount of restitution for Cooper, and the court set the amount at $54,453.64. Chipman appeals.

## ANALYSIS

### A. TIME LIMIT UNDER RCW 9.94A.753(1)

The trial court's ability to impose restitution derives from statutory authority. *State v. Gray*, 174 Wn.2d 920, 924, 280 P.3d 1110 (2012). As a result, failure to comply with the provisions of the statute authorizing restitution voids a restitution order. *State v. Johnson*, 96 Wn. App. 813, 815, 981 P.2d 25 (1999). We review interpretation of the restitution statute de novo. *State v Gonzalez*, 168 Wn.2d 256, 263, 226 P.3d 131 (2010).

Under RCW 9.94A.753(1), "[w]hen restitution is ordered, the court shall determine the amount of restitution due at the sentencing hearing or within one hundred eighty days." Use of the word "shall" creates a mandatory time limit, and a trial court may not enter an order determining restitution after the statutory period has expired. *State v. Krall*, 125 Wn.2d 146, 147-49, 881 P.2d 1040 (1994) (holding that the legislature's use of the word "shall" in former RCW 9.94A.142(1) (1994), *recodified as* RCW 9.94A.753(1) (2001), is a mandatory directive to determine restitution within the statutory period).

There are two exceptions to the directive that the amount of restitution must be determined with 180 days of sentencing. First, "[t]he court may continue the hearing beyond the one hundred eighty days for good cause." RCW 9.94A.753(1). However, the State must request a continuance before the time limit expires. *State v. Grantham*, 174 Wn. App. 399, 403, 299

P.3d 21 (2013), *petition for review filed*, No. 88773-0 (Wash. May 1, 2013). Second, once a timely restitution order has been entered the trial court has authority to modify that order even after the 180-day period has expired. *Gray*, 174 Wn.2d at 926-28.

The State now concedes that because it filed the motion to toll the time period after the 180-day period expired, the trial court had no authority to extend that period for good cause. The only remaining issue is whether the second exception applies.

B.     MODIFICATION OF EXISTING RESTITUTION ORDER

RCW 9.94A.753(4) permits a trial court to modify a timely-entered restitution order more than 180 days after sentencing. Therefore, the Cooper restitution order is valid if it can be characterized as a "modification" of the timely Kitchings restitution order. We hold that the Cooper restitution order cannot be characterized as a modification of the Kitchings order because the Kitchings restitution hearing and order did not "determine" the amount of restitution for *Cooper* under RCW 9.94A.753(1).

*State v. Burns*, 159 Wn. App. 74, 78-80, 244 P.3d 988 (2010) involved similar facts. In *Burns*, the defendant entered *Alford*[2] pleas to several theft and forgery charges and agreed to a specific restitution amount.[3] At the sentencing hearing the trial court entered a restitution order in that amount "plus any additional restitution" for uncharged crimes. However, the trial court

---

[2] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[3] One difference between *Burns* and this case is that *Burns* involved an *Alford* plea, while this case involves a conviction after trial. There may be circumstances where the nature of a plea agreement could affect the analysis under RCW 9.94A.753(1) because of the bargained for, contract nature of a knowing, voluntary, plea bargain agreement. *See State v. Sledge*, 133 Wn.2d 828, 838, 838-39, 947 P.2d 1199 (1997) ( plea agreements are contracts). We do not address those circumstances here.

did not determine the amount of restitution for the uncharged crimes until after the 180-day statutory period had expired. *Burns*, 159 Wn. App at 77.

Division One of this court reversed, holding that the sentencing court did not have statutory authority to determine the amount of restitution for the uncharged crimes after the 180 days allowed by RCW 9.94A.753(1). *Burns*, 159 Wn. App. at 76. The court rejected the State's argument that the second restitution order setting the amounts owed for uncharged crimes was simply a " 'modification' " of the original order. *Burns*, 159 Wn. App. at 79-80 (quoting RCW 9.94A.753(4)). The court reasoned that because the purpose of a restitution hearing for the uncharged crimes was to "prove for the first time the amount of restitution Burns owed" for those crimes, the restitution for those crimes had not been " 'determined' " in the earlier hearing. *Burns*, 159 Wn. App. at 79-80. The court concluded that "[t]here is no restitution to modify . . . if it is not 'determined' in the first place under RCW 9.94A.753(1)." *Burns*, 159 Wn. App. at 79.

The State attempts to distinguish *Burns*, arguing that RCW 9.94A.753(4) expressly permits the trial court to modify restitution as to "amount", meaning the " 'total or aggregate quantity' ". Br. of Resp't at 8 (quoting *Gonzalez*, 168 Wn.2d at 264). The State argues that (1) Chipman was on notice before expiration of the 180-day period that the State would later add Cooper's expenses to the total "amount" of restitution and (2) the trial court properly modified the Kitchings restitution order to account for the "total or aggregate quantity" Chipman owed for all his crimes. Br. of Resp't at 8 (quoting *Gonzalez*, 168 Wn.2d at 264). But *Gonzalez* involved completely different facts. In that case, a single victim continued to accrue medical expenses after entry of the original timely restitution order and after the 180-day statutory period. *Gonzalez*, 168 Wn.2d at 259-60. Our Supreme Court held that a subsequent order increasing

5

restitution to reflect the additional expenses was a modification of the original "amount" and therefore was authorized under RCW 9.94A.753(4). *Gonzalez*, 168 Wn.2d at 263-66.

Here, Chipman's criminal conduct injured two victims and he was charged with and convicted on separate counts relating to each victim. The court in *Burns* held that a later restitution order for uncharged crimes did not qualify as a modification of an earlier restitution order for charged crimes. We apply the same reasoning to restitution orders relating to convictions on separate charges involving different victims. RCW 9.94A.753(1) requires that restitution be "determined" within 180 days. As in *Burns*, even though the charges here arose from the same general incident and were part of the same criminal prosecution, the previously entered Kitchings restitution order did not "determine" the amount of restitution for Cooper. *See Burns*, 159 Wn. App. at 79-80. Accordingly, the Cooper restitution order was entered after the deadline established in RCW 9.94A.753(1).[4]

Accordingly, the restitution ordered at the second hearing for Cooper, the victim of count I, was not merely a modification of the restitution amount that the trial court previously had ordered for Kitchings, the victim of count II. Instead, the Cooper restitution order was an independent restitution order that was the product of a separate restitution hearing relating to a different victim with different injuries named in a different count. *See Burns*, 159 Wn. App. at 77-80. We hold that (1) a trial court must comply with the 180-day time limit in RCW 9.94A.753(1) for each victim's restitution, regardless of whether the court previously has ordered

---

[4] We are aware that our ruling leaves Cooper without restitution. However, the legislature has determined in RCW 9.94A.753(1) that "when restitution is ordered" the trial court must determine the amount of restitution at sentencing or within 180 days of sentencing, and we must follow that directive. The legislature did allow for relief from this 180-day rule for "good cause", but here the State failed to use this opportunity when it did not file a timely motion to extend the time period.

6

No. 43668-0-II

restitution to one of the victims within the required period and (2) the trial court here lacked

authority to enter the restitution order for Cooper after the 180-day period had expired.

We reverse.

_____
MAXA, J

We concur:

_____
HUNT, J.

_____
JOHANSON, A.C.J.

7