# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

STATE OF WASHINGTON,

                    Respondent,

    v.

CLINTON JAMES FRYER,

                    Appellant.

No. 77731-9-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: March 5, 2018

LEACH, J. — The trial court used multiple judgment and sentence forms to sentence Clinton Fryer for five convictions in one case. Fryer challenges the fines imposed for these convictions. He contends that the trial court exceeded its statutory authority by imposing an excessive fine for a misdemeanor conviction. But the trial court imposed this fine for a gross misdemeanor conviction, so it was not excessive. Because the multiple judgment and sentence documents may impose duplicative fees, we remand to the trial court to correct any duplicative fees improperly imposed for the five convictions.

## BACKGROUND

For procedural reasons, the trial court sentenced Fryer for five convictions using three separate judgment and sentence forms in one case. The first imposed sentence on count II, driving under the influence (DUI). For this offense, the trial

court imposed a $2,895 fine, a $500 victim penalty assessment (VPA), and a $200 court cost fee.[1]

The second judgment and sentence imposed sentences for count III, failure to have ignition in interlock (ignition interlock), and count IV, driving while license suspended in the third degree (DWLS 3). This judgment suspended the imposed sentences for these two counts on conditions described in a separate order called "Conditions on Suspended Sentence." These conditions included a requirement that Fryer pay a $500 VPA, a $200 court cost fee, and a $2,895 fine. The trial court noted on this order that the legal financial obligations (LFOs) were "concurrent to count II."

The third judgment and sentence imposed sentence on count I, failure to obey officer, and count V, reckless driving. This judgment suspended the imposed sentence on the condition that Fryer pay a $500 VPA "imposed on counts II, III, IV previously."

Fryer has appealed.

## ANALYSIS

Fryer challenges the trial court's imposition of certain fines and fees. He claims the trial court exceeded its statutory authority by imposing a $2,895 fine on a simple misdemeanor and imposing multiple VPA and court cost fees under one

---

[1] RCW 7.68.035(1)(a); RCW 36.18.020(2)(h).

cause number.[2] We review whether a trial court exceeded its statutory authority in imposing a sentencing condition de novo.[3]

First, Fryer asserts that the trial court erred by imposing a $2,895 fine for a DWLS 3 conviction. DWLS 3 is a misdemeanor.[4] The maximum fine for a misdemeanor is $1,000.[5] Thus, a $2,895 fine on a DWLS 3 conviction would be improper. But the trial court imposed the fine for the DUI conviction, a gross misdemeanor.[6] The maximum fine for a gross misdemeanor is $5,000.[7]

The judgment and sentence for the DWLS 3 conviction imposes and suspends a 90-day jail term and a VPA of $500. It does not impose any other fine. The only reference to a $2,895 fine appears in the separate order describing the conditions of the suspension. That order does not impose a new fine but requires Fryer to pay the fine and court costs imposed as part of his DUI sentence as a condition of the suspension of the jail term imposed for his DWLS 3 conviction. The transcript of the sentencing hearing supports this interpretation: "With respect to the driving while suspended, 90 days concurrent, no additional fines, no additional fines on the ignition interlock." Because the record shows the court imposed the $2,895 fine for the DUI conviction, the trial court did not exceed its

---

[2] Fryer did not make this challenge below, but defendants may challenge unlawful sentences for the first time on appeal. State v. Sims, 171 Wn.2d 436, 444 n.3, 256 P.3d 285 (2011).
 [3] State v. Burns, 159 Wn. App. 74, 78, 244 P.3d 988 (2010).
 [4] RCW 46.20.342(c).
 [5] RCW 9A.20.021(3).
 [6] RCW 46.61.502(5).
 [7] RCW 9A.20.021(2).

sentencing authority. On remand, the trial court should make clear that the Conditions of Suspension does not impose an additional fine or court costs.

Next, Fryer asserts that the trial court exceeded its statutory authority by imposing duplicative LFOs. Criminal defendants are liable for a fee of $200 upon conviction or a guilty plea.[8] A penalty assessment of $500 is imposed for each case or cause of action that includes one or more convictions of a felony or gross misdemeanor.[9] These LFOs can only be imposed one time per cause number.[10] The trial court duplicated the fees imposed on count II in the judgment and sentence for counts III and IV. And it also imposed the VPA on counts I and V. The State concedes, and we agree, that the trial court lacked authority to impose the VPA and court costs fee more than once in this case.

It appears that the trial court did not intend to impose duplicative LFOs. The trial court stated they ran concurrent to count II. Yet, as the State points out, the trial court made concurrent a sentence that it lacks the authority to impose. Because the trial court exceeded its statutory authority when it imposed duplicative LFOs, the trial court should correct this on remand.

---

[8] RCW 36.18.020(2)(h).
[9] RCW 7.68.035(1)(a).
[10] RCW 9.94A.760(1).

## CONCLUSION

The trial court properly imposed a fine on a gross misdemeanor. We remand to the trial court to correct the judgment and sentences for counts I, III, IV, and V to eliminate all duplicative LFOs.

_Leach, J._

WE CONCUR:

_Mann, J._                    _Schindler, J._

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON
2018 MAR -5 AM 9: 06