# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 49706-9-II |
| Respondent, | consolidated with<br>No. 49750-6-II |
| v. | |
| CLAY LEE HALTOM, | UNPUBLISHED OPINION |
| Appellant. | |

MAXA, C.J. – Clay Haltom appeals a 2008 order imposing restitution relating to his guilty plea to first degree possession of stolen property.[1]  We hold that the restitution order was void because the amount of restitution was not determined within 180 days of Haltom's sentencing hearing as required under RCW 9.94A.753(1).  Therefore, we reverse and vacate the trial court's restitution order.[2]

---

[1] This appeal was consolidated with an appeal of the trial court's order denying Haltom's motion to vacate the restitution order.  However, Haltom does not address that appeal in his briefing. Therefore, we dismiss that appeal.  *Holder v. City of Vancouver*, 136 Wn. App. 104, 107, 147 P.3d 641 (2006) (we do not consider issues abandoned on appeal).

[2] Haltom also argues that he received ineffective assistance of counsel regarding entry of the restitution order.  Because we vacate that order, we do not address this argument.

FACTS

In March 2007, Haltom entered a guilty plea to first degree possession of stolen property pursuant to a global plea agreement.[3]  As part of the plea agreement, the State agreed to dismiss other charges.

Haltom's guilty plea statement attached an unsigned plea agreement that stated, "The Defendant agrees to pay . . . restitution for the charged crimes."  Supplemental Clerk's Papers (SCP) Ex. 2 at 5.  The plea agreement also stated,

> The Defendant agrees to pay restitution to victims of uncharged crimes contained in the discovery or as otherwise stated: **The Defendant agrees to pay restitution in such sums as shall be negotiated between the parties herein.**

SCP Ex. 2 at 5.

On June 28, 2007, the trial court sentenced Haltom.  The proposed judgment and sentence originally stated a restitution amount of $11,083.  However, the prosecutor requested that the specific amount be "scratch[ed] out" and "TBD" be inserted because he had not had the chance to review the supporting documentation.  Report of Proceedings (RP) (June 28, 2007) at 25-26.  The prosecutor noted that restitution would be in excess of $11,000 and that Haltom could "kind of expect that figure to come around again."  RP (June 28, 2007) at 26.  The court entered a judgment and sentence in which $11,083 was crossed out and replaced with "TBD." Clerk's Papers at 34.  The judgment and sentence stated that a restitution hearing would be held on October 5, 2007.

---

[3] He also pled guilty to two other charges under a separate cause number.  Restitution for those charges is not at issue in this appeal.

The trial court ultimately held a restitution hearing on November 29, 2007, 154 days after sentencing. At the hearing, the prosecutor withdrew his request for restitution at that time to allow further review of the amount.[4] The court stated that the restitution hearing would be renoted. However, the restitution hearing was not rescheduled until more than 180 days after sentencing and the court did not find that there was good cause to continue the restitution hearing beyond 180 days.

On January 18, 2008, 204 days after sentencing, the trial court ordered restitution of $11,083. Haltom was not present at the hearing, but his attorney objected on the basis that Haltom did not believe that he owed any restitution. Haltom was not advised of his right to appeal the order, and he never waived his appeal rights.

On November 15, 2016, the trial court held a show cause hearing because Haltom had stopped making his restitution payments. In response, Haltom moved to vacate the restitution order. The trial court denied the motion, ruling that Haltom's remedy was to file an appeal from the original restitution order.

Haltom appeals the 2008 restitution order.

ANALYSIS

A.    TIMELINESS OF APPEAL

Haltom filed this appeal almost nine years after the trial court entered the restitution order, which normally would be untimely. RAP 5.2(a). However, a defendant is entitled to file an otherwise untimely appeal when the record shows that the defendant was not advised of his or

---

[4] At the hearing an agreement was reached on the amount of restitution for the other charges.

her appeal rights and did not waive those rights. *State v. Kells*, 134 Wn.2d 309, 313-14, 949 P.2d 818 (1998).

Here, Haltom filed a motion for an extension of time to file an appeal of the 2008 restitution order. This court remanded to the trial court for a reference hearing to determine whether Haltom was advised of his right to appeal and whether he waived his appeal rights. The trial court made findings of fact that there was no indication that either the court or defense counsel advised Haltom of his appeal rights, and there was no indication that Haltom waived his appeal rights. Over the State's objection, a commissioner of this court subsequently granted Haltom's motion for an extension of time to file the appeal.

The State argues that this court should dismiss Haltom's appeal as untimely because Haltom did not object to the amount of restitution at the restitution hearing. But this court already has rejected this argument and has ruled that Haltom could appeal the 2008 restitution order. We decline to revisit this argument.

B.     TIME LIMIT FOR DETERMINING RESTITUTION AMOUNT

Haltom argues that the trial court's restitution order was void because it was entered more than 180 days after sentencing in violation of RCW 9.94A.753(1). The State counters that the restitution order complied with RCW 9.94A.753(1) because the amount of restitution was determined at sentencing when Haltom agreed to pay at least $11,000 in restitution. We agree with Haltom.

1.     Legal Principles

The trial court's authority to impose restitution is statutory. *State v. Chipman*, 176 Wn. App. 615, 618, 309 P.3d 669 (2013). RCW 9.94A.753(1) states that "[w]hen restitution is

4

ordered, the court shall determine the amount of restitution due at the sentencing hearing or within one hundred eighty days" unless the court continues the hearing beyond the deadline for good cause. The word "shall" creates a mandatory time limit. *Chipman*, 176 Wn. App. at 619. As a result, a trial court has no authority to enter an order determining restitution more than 180 days after sentencing. *Id.* A restitution order that does not comply with RCW 9.94A.753(1) is void. *Id.* at 618.

However, as long as there is a "determination" of the amount of restitution at sentencing, a restitution order can be entered more than 180 days after sentencing. *See State v. Hunsicker*, 129 Wn.2d 554, 561-62, 919 P.2d 79 (1996). A determination can include a defendant's agreement, signed contemporaneously with sentencing, to pay a specific amount of restitution as part of a plea agreement. *Id.* at 562.

In *Hunsicker*, the defendant's plea agreement included an agreement to pay restitution in an exact amount listed in the certification for determination of probable cause in exchange for the State's dismissal of other charges. *Id.* at 556, 558. But the judgment and sentence stated that restitution would be set at a future hearing, which did not occur until a year and a half after the statutory period had expired.[5] *Id.* at 556-57. The court held that the defendant's agreement at sentencing to pay a specific amount of restitution constituted a "determination" of restitution that satisfied the former statute. *Id.* at 561-62. Once restitution was determined, it did not matter that the trial court did not enter a restitution order within the statutory time limit. *Id.*

---

[5] At that time, former RCW 9.94A.753(1), then codified at RCW 9.94A.142(1), required that restitution be determined within 60 days of sentencing.

2.    Analysis

Here, it is undisputed that the trial court's restitution order was entered more than 180 days after sentencing and that the trial court did not continue the restitution hearing for good cause before the time limit expired. Therefore, the restitution order is void unless the amount of restitution was "determined" at sentencing.

RCW 9.94A.753(1) does not define "determine." Therefore, we may give the term its dictionary meaning as long as we give effect to the statute's purpose. *State v. Smith,* 189 Wn.2d 655, 662, 405 P.3d 997 (2017). The dictionary defines "determine" as "to fix conclusively or authoritatively." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 616 (2002). This definition is consistent with the court's use of that term in *Hunsicker*, where the amount of restitution was conclusively agreed upon.

In his plea agreement, Haltom agreed to pay restitution for both charged and uncharged crimes. But he did not agree to pay a specific amount. The plea agreement stated only that Haltom "agrees to pay restitution in such sums as shall be negotiated between the parties herein." SCP Ex. 2 at 5.

The State asserts that Haltom agreed to an amount of restitution above $11,000 at sentencing. But the record does not show that the amount was determined. In addressing restitution, the prosecutor asked the court to strike the specific amount listed for restitution on the judgment and sentence and stated that restitution would be "something in excess of $11,000." RP (June 28, 2007) at 26. But unlike in *Hunsicker*, Haltom did not conclusively agree to pay that amount; the judgment and sentence stated that the amount of restitution "shall be negotiated." SCP Ex. 2 at 5. The prosecutor's estimate that the amount of restitution to be

requested in the future would be above $11,000 does not represent a determination of the restitution amount.

Haltom did not agree to pay a specific amount in restitution at sentencing and the amount of restitution was not determined until more than 180 days after sentencing. Accordingly, the trial court had no authority to enter the 2008 restitution order and that order is void.

We recognize that our holding may leave the crime victims here with limited restitution because of the State's failure to assure compliance with RCW 9.94A.753(1). However, the legislature has required that restitution be determined within 180 days of sentencing and we must follow that directive.

## CONCLUSION

We reverse and vacate the trial court's restitution order.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, C.J.

We concur:

LEE, J.

MELNICK, J.

7