IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 80018-3-I |
| Respondent, | |
| | DIVISION ONE |
| v. | |
| JONATHAN CHARLES WYATT, | UNPUBLISHED OPINION |
| Appellant. | |

CHUN, J. — A jury convicted Jonathan Wyatt of committing residential burglary while on community custody. Before the 180-day period for holding a restitution hearing under RCW 9.94A.753 had expired, the State asked the trial court to find good cause to continue the hearing beyond the deadline. After the deadline, the trial court found good cause. The trial court then held the hearing and ordered restitution. Wyatt appeals, arguing that the trial court's finding was untimely and otherwise erroneous. We affirm.

## I. BACKGROUND

In November 2017, Sheri Roberts reported to police that jewelry and electronics had been stolen from her home. Roberts apparently filed a claim with her insurer, State Farm, who eventually made a payment to her. About a month after the incident, police recovered some items of the jewelry and returned them to Roberts.

Citations and pin cites are based on the Westlaw online version of the cited material.

In January 2018, the State charged Wyatt with residential burglary while on community custody. Apparently, by the time of trial on August 21, 2018, Roberts had yet to inform State Farm that some of her jewelry had been recovered. Later, she apparently did inform the insurer, and they both agreed to value the returned jewelry at $100.

A jury convicted Wyatt as charged. At sentencing on October 15, 2018, the court reserved the issue of restitution. Under RCW 9.94A.753(1), the statutory 180-day period was set to expire on April 13, 2019.

About a month before the deadline, on March 12, State Farm received payment from Roberts in the amount of $100 for the returned jewelry. That day, the State received from State Farm an updated insurance document reflecting the returned jewelry and requesting $100 less in restitution. The next day, the prosecutor emailed Wyatt's counsel a proposed restitution amount. Counsel, who was in trial in a separate matter, did not respond.

Two days later, on March 15, the prosecutor emailed Wyatt's counsel, informing her that the proposed restitution order had been sent separately, noting that the 180th day was approaching, and saying, "I may just calendar a hearing without your input right now to secure the date." Later, the prosecutor's legal assistant emailed Wyatt's counsel with the proposed restitution order and wrote that if there was no agreement as to restitution, "we will go ahead and set a Restitution Hearing." Again, Wyatt's counsel, who was in trial, did not respond.

On March 18, the prosecutor emailed Wyatt's counsel to inform her that the presiding judge would be moving to a different court and to see if Wyatt's

counsel would agree to restitution. Wyatt's counsel responded, "Judge Ellis did this trial."

From March 21 to 25, Wyatt's counsel took leave from work. On March 25, the prosecutor emailed her asking whether the parties agreed as to restitution or whether they needed a contested hearing. Receiving no response, on March 26, the prosecutor contacted the trial court's law clerk to schedule a restitution hearing. The clerk provided four available dates before the 180th day: March 27, April 1, April 4, and April 10. The State indicated interest in April 4. Wyatt's counsel responded that she would be on vacation from April 1 to 5 and requested the April 10 slot. The State agreed and the clerk scheduled a hearing for April 10.

At the hearing, the State requested that the court find good cause to continue the restitution hearing deadline beyond the 180th day. The court responded that it was not aware that the issue of good cause to continue would be raised and was not prepared to address it at that hearing, due to a tight schedule. The court set a restitution hearing for May 29, 2019, and ordered briefing on the issue of good cause, to be decided at a hearing prior to May 29. The State filed a brief in support of its request on April 11.

At a hearing on April 24, the court found good cause to continue the restitution hearing past the 180th day and that the State had acted in good faith in trying to prevent delay. In doing so, the court emphasized that it had not denied a good cause finding during the April 10 hearing, and that it had merely declined to decide the issue then. In finding good cause, the trial court pointed to

3

the State's good faith efforts to secure a hearing date within the 180 days, the fact that the State was trying to reduce the restitution amount, and Wyatt's counsel's busy schedule.

At the May 29 restitution hearing, the court ordered Wyatt to pay $3,861.32 in restitution to State Farm. Wyatt appeals.

## II. ANALYSIS

A. Whether the trial court's finding of good cause was untimely

Wyatt argues that the trial court exceeded its statutory authority by making a good cause finding after the 180-day period had expired. The State counters that, because it moved to continue for good cause before the 180-day period had expired, the trial court did not exceed its authority. We agree with the State.

RCW 9.94A.753 provides that "when restitution is ordered, the court shall determine the amount of restitution due at the sentencing hearing or within one hundred eighty days. . . . The court may continue the hearing beyond the one hundred eighty days for good cause." The statute is silent as to when a party must move to continue or when a court must make such a finding of good cause. But Washington cases hold that a party who seeks to continue a restitution hearing beyond the 180-day period must move to continue before "the time limit has expired." State v. Prado, 144 Wn. App. 227, 249, 181 P.3d 901 (2008).[1]

---

[1] See also State v. Johnson, 96 Wn. App. 813, 816, 981 P.2d 25 (1999) ("it would be illogical to allow consideration of a continuance that is raised after the time limit has expired"); State v. Tetreault, 99 Wn. App. 435, 438, 998 P.2d 330 (2000) ("the motion obviously could and should have been made *within* the 180-day period"); State v. Grantham, 174 Wn. App. 399, 403, 299 P.3d 21 (2013) ("The time limit is mandatory, although the court may continue the restitution hearing beyond the 180–day limit for good cause if a party so requests before the time limit has expired.").

A restitution order is void if the sentencing court fails to comply with the statutory requirements of RCW 9.94A.753(1). State v. Chipman, 176 Wn. App. 615, 618, 309 P.3d 669 (2013).

We review de novo the question of whether a sentencing court exceeded its statutory authority. State v. Burns, 159 Wn. App. 74, 78, 244 P.3d 988 (2010).

In State v. Tetreault, we vacated a restitution order because the State's request to continue the hearing beyond the 180-day period was not made before the period had lapsed. 99 Wn. App. 435, 438, 998 P.2d 330 (2000). The trial court sentenced Tetreault in September 1997, and set a restitution hearing for November 1997. Id. at 436. The State struck the November hearing and a restitution hearing was held "well after" the 180th day. Id. Over Tetreault's objection, the sentencing court proceeded with the hearing, finding good cause based on the State's inability to timely obtain insurance documents. Id. at 436–37. Though we did not explicitly hold that a court's finding of good cause may be made after 180 days, in vacating the restitution order, we focused on the timing of the request for continuance rather than the timing of the finding of good cause. Id. at 438.

Here, unlike Tetreault, the State requested the continuance before the expiration of the 180 days. It even filed a brief before the expiration. Given the circumstances of this case, the court did not exceed its authority by making an untimely finding of good cause.

Wyatt cites Grantham[2] for the proposition that a sentencing court's finding of good cause must occur within the 180 days; but Grantham does not so hold. There, the order of restitution and finding of good cause both occurred after the 180-day period. Grantham, 174 Wn. App. at 401. Division Two of this court held (2-1) that the restitution hearing was untimely because the trial court did not make an explicit finding of good cause to continue the restitution hearing beyond the 180 days as required by RCW 9.94A.753(1).[3] Id. at 406. Here, the trial court did make an explicit finding of good cause to continue the restitution hearing. Wyatt cites no other case law to support his argument.

B. Good Cause

Wyatt argues that even if the trial court's finding of good cause was timely, it erred in finding that good cause existed to continue restitution hearing beyond the 180-day period. We disagree.

Good cause to continue a restitution hearing past 180 days exists upon a "showing of some external impediment that did not result from a self-created hardship that would prevent a party from complying with statutory requirements." State v. Reed, 103 Wn. App. 261, 265 n.4, 12 P.3d 151 (2000). An attorney's inadvertence is not good cause. Id. Factors to consider include the State's

---

[2] State v. Grantham, 174 Wn. App. 399, 403, 299 P.3d 21 (2013).

[3] The majority in Grantham stated that the defendant's argument required it "to determine whether a trial court must state its reasons for continuing a restitution hearing beyond the 180th day following sentencing before the 180th day has passed." 174 Wn. App. at 405. But it did not go on to make any such determination. And the dissent there recognized that the majority's decision turned on the fact that the finding of good cause was not explicit enough because it did not specifically say there was good cause to extend beyond the 180-day period. Id. at 407.

diligence in procuring the necessary evidence, the length of delay, the reason for delay, the defendant's assertion of their right to speedy sentencing, and the extent of prejudice to the defendant. Tetreault, 99 Wn. App. at 438.

We review a trial court's restitution order for abuse of discretion. State v. Tobin, 161 Wn.2d 517, 523, 166 P.3d 1167 (2007). The trial court abuses its discretion when its decision is "manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." State v. Enstone, 137 Wn.2d 675, 679–80, 974 P.2d 828 (1999) (internal quotation marks omitted) (quoting State v. Cunningham, 96 Wn.2d 31, 34, 633 P.2d 886 (1981)).

The trial court did not abuse its discretion by finding good cause to continue the restitution hearing.

First, external impediments—which the State did not create—led to the delay. By the time of trial, Roberts still had not informed State Farm that some of the jewelry had been recovered. State Farm did not receive her reimbursement until about a month before the 180th day. And upon notification by State Farm of the adjusted insurance amount, the State promptly notified Wyatt's counsel. As detailed above, Wyatt's counsel was largely unavailable during the one-month period between the State's receipt of the adjusted insurance amount and the deadline. Counsel's lack of communication compounded this issue.

Wyatt implies that the State did not act with diligence in obtaining the necessary insurance information. The trial court made no finding with respect to the State's diligence and the record does not contain evidence supporting or undermining a finding of diligence.

Second, Wyatt does not argue that the length of delay in holding the restitution hearing was excessive. And indeed, the court ordered restitution less than a month and a half after the 180th day had passed.

Third, apparently Wyatt did not assert a right to speedy sentencing. Nor does he argue that he did so.

Fourth, the record supports the conclusion that the delay did not prejudice Wyatt. Waiting for the adjusted insurance amount ensured that Wyatt was not ordered to overpay the insurer.

Finally, the record supports the trial court's observation that the State made good faith efforts to note a restitution hearing within the 180 days. The record illustrates the State's attempts to schedule a restitution hearing once it received the adjusted insurance information.

Given the foregoing, we conclude that the trial court did not abuse its discretion in finding good cause to continue the restitution hearing.

We affirm.

Chun, J.

WE CONCUR:

Mann, C.J.

Dwyer, J.

8