IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>      Respondent,<br><br>   v.<br><br>TYLER JAMES AUTRY,<br><br>      Appellant. | No. 85920-0-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

DíAZ, J. —RCW 9.94A.753(1) requires restitution be set within 180 days of sentencing unless the court finds "good cause." Tyler Autry alleges the superior court lacked "good cause" when it continued his hearing until 184 days after his sentencing. He also alleges the superior court failed to consider his indigency as allowed under RCW 9.94A.753(3)(b), which was enacted following his sentencing.

We hold the court did not abuse its discretion when it continued his restitution hearing, and remand the case to consider Autry's ability to pay under RCW 9.94A.753(3)(b). If the court feels financial obligations are still appropriate, it must then add a provision to Autry's judgment that his Social Security benefits may not be used to satisfy his restitution.

## I.  BACKGROUND

On October 21, 2021, Tyler Autry lit a fire in a school bus parked at a

dealership. Autry was homeless and lit the fire for warmth. On January 12, 2022, Autry pled guilty to one count of reckless burning in the first degree. That same day, Autry was sentenced to 120 days in jail, with 60 days credit for time served and the court ordered Autry to pay restitution. The amount of restitution for the fire damage was "[t]o be set" at a later date.

On June 29, 2022, 168 days after sentencing, the court held a hearing (hereinafter "June hearing") on the State's request to set the amount of restitution. The State intended to offer a witness who would appear remotely in support of its request, but had not made a pre-hearing motion, arguing that remote testimony "had been standard practice over the last year or two" due to COVID-19. However, Autry's counsel objected, both orally and in writing, to the State's attempt to present one witness remotely absent a motion. The court agreed with Autry, finding that in-person testimony was required in "non-routine" criminal cases absent an agreement by the parties or the court otherwise finding remote testimony was appropriate.

The State noted at the beginning of the hearing that the court could, and subsequently twice asked the court to, find "good cause" to continue the hearing past the 180 day deadline, if the court wanted all of the State's witnesses to appear in person. Rescheduling attempts were thwarted by the court's already scheduled vacation the following week. As such, the court made the following good cause finding:

> So, July 15th at 2:30 . . . [w]ill be the new date. . . . This matter could be done within 180 days, except for the fact that the Court is going to be on vacation next Tuesday through Friday, making it impossible

2

to conclude before July 11th, excuse me, which would be the 180th day.

On July 15, 2022, 184 days after sentencing, the parties attended the rescheduled restitution hearing. (Hereinafter "July hearing"). The superior court heard testimony from the Vancouver Fire Department's lead deputy fire marshal, an insurance adjustor, and Autry himself. Ultimately, the court set restitution at $56,799.51. Autry now appeals.

## II.    ANALYSIS

"[W]hen restitution 'is authorized by statute, imposition of restitution is generally within the discretion of the trial court and *will not be disturbed on appeal* absent an abuse of discretion.'" State v. Enstone, 137 Wn.2d 675, 679, 974 P.2d 828 (1999) (some alterations in original) (quoting State v. Davison, 116 Wn.2d 917, 919, 809 P.2d 1374 (1991)). A court's decision to grant or deny motions for continuances are also reviewed for an abuse of discretion. State v. Downing, 151 Wn.2d 265, 272, 87 P.3d 1169 (2004). "Discretion is abused when the trial court's decision is manifestly unreasonable, or is exercised on untenable grounds, or for untenable reasons." State v. Blackwell, 120 Wn.2d 822, 830, 845 P.2d 1017 (1993).

## A.    The Superior Court's Finding of "Good Cause" for the Continuance

"When restitution is ordered, the court shall determine the amount of restitution due at the sentencing hearing or within 180 days . . . The court may continue the hearing beyond the 180 days for good cause." RCW 9.94A.753(1). "Washington courts strictly enforce the one-hundred-eighty-day deadline absent

good cause or waiver." State v. Jones, 20 Wn. App. 2d 552, 568, 500 P.3d 968 (2021).

For restitution, good cause has been defined as an "external impediment that did not result from a self-created hardship that would prevent a party from complying with statutory requirements." State v. Johnson, 96 Wn. App. 813, 817, 981 P.2d 25 (1999). As such, "[i]nadvertence or attorney oversight is not 'good cause.'" Id. (quoting State v. Tomal, 133 Wn.2d 985, 989, 948 P.2d 833 (1997)).

On appeal, Autry makes two arguments. First, Autry argues the "lower court did not address the State's failure to make proper motions but instead, opined that since it was going on vacation, good cause existed to hold the Restitution Hearing past the 180 days." In other words, he avers that "[s]ince the State did not make a good cause motion, it was error for the lower court to find good cause on its own." Second, Autry argues that, on the merits, no good cause existed to continue the hearing as the delay was solely due to the State not seeking prior approval for their remote witness. Autry avers the "State had five months and 17 days to make the proper motions" yet failed to do so.

Contrary to Autry's first argument, the State did move for good cause. The State twice expressly "ask[ed] the Court to make a finding -- a good cause finding," both before and after the court raised its scheduling challenges.[1] As such, the

---

[1] There appears to be a clerical error in the lower court's Verbatim Report of Proceedings. The request for "good cause" is mislabeled as having been stated by the court. However, this appears to have been actually said by the State. First, it is unlikely the court would refer to itself as "Your Honor[.]" Second, this portion of the record was part of a broader conversation between the State and the court

court did not act "*sua sponte*"[2] as Autry claims. Moreover, none of the authority Autry offers holds that a court may not move sua sponte to continue a restitution hearing. Where a party fails to provide citation to support a legal argument, we assume counsel, like the court, has found none. State v. Loos, 14 Wn. App. 2d 748, 758, 473 P.3d 1229 (2020) (citing State v. Arredondo, 188 Wn.2d 244, 262, 394 P.3d 348 (2017)). And the plain language of RCW 9.94A.753 contains no such procedural limitation, stating only that a "court may continue the hearing beyond the 180 days for good cause."

Autry's second argument on the merits fails also when analyzed under the four factors articulated in State v. Tetreault, 99 Wn. App. 435, 998 P.2d 330 (2000). When examining a continuance past the 180 day limit, courts can consider "the State's diligence in procuring the necessary evidence" as well as "(1) the length of the delay, (2) the reason for delay, (3) the defendant's assertion of his or her right to speedy sentencing, and (4) the extent of prejudice to the defendant." Id. at 438.

First, the length of the delay was minimal. The June and July hearings were 16 days apart. Further, the July hearing was held just four days after Autry's original 180 day deadline had passed. This factor favors a continuance.

Second, the reason for the delay. The lower court did not abuse its discretion by continuing the restitution hearing. Our Supreme Court has determined "scheduling conflicts may be valid reasons for continuances beyond

regarding evidence and rescheduling. As such, the context clearly indicates it was the State, not the court or Autry's counsel, that made the request for "good cause."
[2] BLACK'S LAW DICTIONARY 1722 (11th ed. 2019) (defines *sua sponte* as "of one's own accord; voluntarily . . . Without prompting or suggestion").

the time for trial period" when considering a defendant's right to a speedy trial. State v. Flinn, 154 Wn.2d 193, 200, 110 P.3d 748 (2005). As such, the court did not abuse its discretion for basing its continuance on a scheduling conflict created by a previously scheduled court vacation.

The delay was also not due to the State's lack of "diligence in procuring the necessary evidence." Tetreault, 99 Wn. App. at 438. As explained above and by the court, it was the State's request for remote testimony, coupled with Autry's motion in opposition filed earlier that same day and the court's preference for in-person testimony, that created the need to reschedule.[3] And again, the court's previously scheduled vacation made rescheduling prior to the 180-day deadline impossible. Contrary to Autry's assertions, the State violated no identified rule, appeared ready to conduct the June hearing, was prepared to proceed prior to the deadline expiring, and – most importantly – did not request good cause due to a need or desire to gather more evidence.[4] As such, this factor also favors a continuance.

---

[3] In its oral ruling, the court appears to have been referencing CR 3.4, which provides that certain proceedings "may be conducted by video conference only by agreement of the parties, either in writing or on the record, and upon approval of the trial court judge pursuant to local court rule." CrR 3.4(e)(2); see also CLARK COUNTY SUPER. CT. LOCAL GENERAL R. 19(b)(2) ("Trials or evidentiary hearings may be conducted by remote appearance only upon the approval of the judicial officer"). However, we are not aware of, nor do the parties provide, any authority which requires restitution hearings to be conducted in person or requires a motion for remote testimony *before* the hearing. Further, Autry's written motions and objections do not explain why a pre-hearing motion was necessary. Regardless, the parties do not brief and we do not reach whether a restitution hearing where testimony is taken is required to be in person, or whether a motion must be made in advance.

[4] As shown by the State's discussion with the court at the June hearing, the State had amassed ample evidence for the hearing. However, the court did "want the

6

Third, Autry asserted his right to speedy sentencing both at the hearing and in a written motion. As such, this factor does not favor a continuance.

Finally, Autry was not prejudiced by the continuance. As discussed, the delay was minimal. Autry does not assert that he suffered any prejudice. State v. Elliott, 114 Wn.2d 6, 15, 785 P.2d 440 (1990) ("This court will not consider claims insufficiently argued by the parties."). Further, there is no indication the State presented new evidence in July, i.e., evidence it had not previously planned to present in June. More substantively, Autry does not claim, nor was he denied, the opportunity to present evidence, rebut the State's evidence, or argue his own theory of the case. In short, it is exceedingly unlikely the continuance altered the outcome of Autry's restitution hearing or otherwise hampered his ability to argue his case. As such, Autry's argument fails under the Tetreault factors.

Autry also argues that his case is similar to Jones, 20 Wn. App. 2d at 552. Specifically, he frames Jones as having "remanded for dismissal of all restitution claim[s] finding that the appellants did not contribute to the delay and that the State failed to make a motion for good cause to extend[.]"

Jones, however, is clearly distinguishable as it involved a superior court finding good cause *after* the 180 day period had elapsed. Jones, 20 Wn. App. 2d at 575. Specifically, Jones addressed confusion on when the 180 day period begins following a remand. Id. at 568-70. Ultimately, it was determined the 180

---

record to be supplemented with photographs" while discussing good cause. However, this doesn't appear to indicate the State had failed to compile evidence. Rather, this is referencing the State's earlier statement that "I was forwarded some photographic evidence of the damages" and that they planned to admit them during the June hearing.

day clock starts "on the issuance of the Court of Appeals' mandate." Id. at 555. As such, this meant the superior court had "lacked any authority . . . to find good cause because the *limitation period had already lapsed*." Id. at 575 (emphasis added). In Autry's case, it is undisputed that the superior court made its good cause finding *within* the 180-day period.

As a final note, Autry also argues the superior court should have issued written findings and conclusions. He admits that "there is no authority mandating that a court make findings and conclusions after a restitution hearing" but "it would have been helpful here." This court has previously invalidated restitution orders based upon findings of good cause that were not expressly made on the record. State v. Grantham, 174 Wn. App. 399, 406, 299 P.3d 21 (2013). However, as conceded by Autry, no authority required the superior court's good cause finding be in writing. Loos, 14 Wn. App. 2d at 758 ("when a party provides no citation to support an argument, this court will assume that counsel, after diligent search, has found none.").

B.      Applicability of RCW 9.94A.753(3)(b) and Autry's Indigency

In 2022, our legislature amended RCW 9.94A.753 to add section (3)(b). LAWS OF 2022, ch. 260, § 3. In sum, section (3)(b) allows a sentencing court to use its discretion to assess an indigent defendant's ability to pay restitution. RCW 9.94A.753(3)(b).[5] This amendment became effective on January 1, 2023. LAWS

---

[5] In full, section (3)(b) states the following.

> *At any time*, including at sentencing, the court *may* determine that the offender is not required to pay, or may relieve the offender of the requirement to pay, full or partial restitution and accrued interest on

OF 2022, ch. 260, § 26.  Autry's restitution hearing was held months earlier on July 15, 2022.  At the hearing, Autry testified that his only income was $1,264.00 in monthly Social Security benefits.  Additionally, the superior court had previously found him indigent.

The State concedes that this remand would allow the superior court to "reconsider the propriety of assessing the full $56,799.51 restitution upon Autry in light of his acknowledged difficulties and indigence."  This is because the newly enacted RCW 9.94A.753(3)(b) allows the sentencing court to relieve a defendant "*[a]t any time*[.]"  As such, we accept this concession as well.

Even without the State's concessions, a remand would be warranted under State v. Ellis, 27 Wn. App. 2d 1, 530 P.3d 1048 (2023).  Ellis involved another restitution dispute grappling with a newly enacted statutory amendment.  Id. at 16.  There, this court determined that "[a]lthough this amendment did not take effect until after Ellis's resentencing, it applies to Ellis *because this case is on direct appeal*."  Id. (emphasis added).  As such, Ellis remanded the case for the trial court to reexamine the defendant's restitution under the new amendment.  Id.

In sum, even though RCW 9.94A.753(3)(b) became effective after Autry's restitution was set, it still applies here as his case is on direct appeal.  As such, we

---

restitution *where the entity to whom restitution is owed is an insurer or state agency,* except for restitution owed to the department of labor and industries under chapter 7.68 RCW, if the court finds that the offender does not have the current or likely future ability to pay. A person does not have the current ability to pay if the person is indigent as defined in RCW 10.01.160(3). For the purposes of this subsection, the terms "insurer" and "state agency" have the same meanings as provided in RCW 9.94A.750(3).

RCW 9.94A.753(3)(b) (emphasis added).

9

remand the case so the superior court can reexamine Autry's restitution under RCW 9.94A.753(3)(b) in light of his indigency.

On appeal, the State also concedes that this case should be remanded so Autry's judgment can be amended to "indicat[e] that the legal financial obligations 'may not be satisfied out of any funds subject to the Social Security Act's antiattachment statute.'" State v. Duran 16 Wn. App. 2d 583, 590, 481 P.3d 623 (2021) (quoting State v. Catling, 193 Wn.2d 252, 266, 438 P.3d 1174 (2019)). This claim is referencing the fact that Autry's judgment and sentence and restitution order did not explicitly indicate that Social Security benefits are exempt from satisfying restitution. We accept the State's concession and remand accordingly.

## III. CONCLUSION

For the reasons above, we remand the case to consider Autry's ability to pay under RCW 9.94A.753(3)(b). If the court finds financial obligations are still appropriate, it must then add a provision to Autry's judgment that his Social Security benefits may not be used to satisfy his restitution.

Díaz, J.

WE CONCUR:

Birk, J.                    Brennan, J.

10