# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 51934-8-II |
| Respondent, | |
| v. | |
| JOSHUA N. DELEON, | PUBLISHED OPINION |
| Appellant. | |

MELNICK, J. — Joshua DeLeon pled guilty to three felony sex offenses. He appeals, arguing that a no-contact condition of his judgment and sentence as well as certain legal financial obligations (LFOs) should be stricken.

DeLeon argues that the trial court erred when it prohibited all contact with his biological children without analyzing the issue on the record. He also contends that the trial court imposed unauthorized LFOs.

We agree and remand.

## FACTS

DeLeon married a woman who had three minor children from a previous marriage. While married, DeLeon and the woman had three children of their own.

DeLeon later pled guilty to one count of rape of a child in the first degree, one count of child molestation in the first degree, and one count of child molestation in the second degree. The charges related to DeLeon's sexual abuse of his now former wife's children that occurred over a number of years.

At sentencing, the State requested that DeLeon have no contact with all minors, including his biological children. DeLeon objected.

The court granted the State's request. The court stated that it was doing so because of "the danger . . . to society." Report of Proceedings (RP) at 39. However, the court did not acknowledge the impact this order would have on DeLeon's constitutional right to parent, nor did it discuss whether prohibiting all contact with DeLeon's minor children was reasonably necessary to achieve a compelling state interest or whether any less restrictive alternatives existed.

The court sentenced DeLeon to a total of 216 months of confinement. It imposed a $200 criminal filing fee and ordered that interest accrue on DeLeon's financial obligations. The court also found DeLeon indigent. DeLeon appeals.

ANALYSIS[1]

I.      NO CONTACT WITH BIOLOGICAL CHILDREN

DeLeon argues that the trial court erred in imposing a no-contact order as to his biological children because it did not conduct the required analysis into whether the condition was reasonably necessary. DeLeon also contends that the court did not consider whether less restrictive alternatives existed. Therefore, DeLeon argues that we should remand for the trial court to conduct the necessary analysis. We agree.

Trial courts may impose "crime-related prohibitions" as a condition of a sentence. RCW 9.94A.505(9). A "crime-related prohibition" prohibits "conduct that directly relates to the circumstances of the crime for which the offender has been convicted." RCW 9.94A.030(10).

---

[1] We reject the State's argument that DeLeon waived his current appeal when he entered into his plea agreement. *See In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 872, 50 P.3d 618 (2002) ("[A] defendant cannot, by way of a negotiated plea agreement, agree to a sentence in excess of that authorized by statute and thus cannot waive a challenge to such a sentence.").

2

We review the imposition of crime-related prohibitions under the abuse of discretion standard. *In re Pers. Restraint of Rainey*, 168 Wn.2d 367, 374-75, 229 P.3d 686 (2010). However, "[m]ore careful review of sentencing conditions is required where those conditions interfere with a fundamental constitutional right." *State v. Warren*, 165 Wn.2d 17, 32, 195 P.3d 940 (2008).

If a condition interferes with a fundamental right, it "must be reasonably necessary to accomplish the essential needs of the State and public order." *Warren*, 165 Wn.2d at 32. Such conditions "must be narrowly drawn" and "[t]here must be no reasonable alternative way to achieve the State's interest." *Warren*, 165 Wn.2d at 34-35. Trial courts must conduct this inquiry on the record. *See Rainey*, 168 Wn.2d at 382; *State v. Torres*, 198 Wn. App. 685, 689-91, 393 P.3d 894 (2017).

A parent has a fundamental constitutional right to the care, custody, and companionship of their children. *Warren*, 165 Wn.2d at 34. However, a court may impose a condition affecting a fundamental right to parent if it is reasonably necessary to prevent harm to a child. *State v. Howard*, 182 Wn. App. 91, 101, 328 P.3d 969 (2014). "'Prevention of harm to children is a compelling state interest, and the State does have an obligation to intervene and protect a child when a parent's actions or decisions seriously conflict with the physical or mental health of the child.'" *Howard*, 182 Wn. App. at 101 (internal quotation marks omitted) (quoting *State v. Ancira*, 107 Wn. App. 650, 653-54, 27 P.3d 1246 (2001)).

Here, the trial court did not address DeLeon's constitutional right to parent. The court also did not set forth on the record an explanation as to whether the no-contact condition, which prohibited all contact with DeLeon's biological children, was reasonably necessary to achieve the compelling state interest in protecting them from harm. Instead, it appears the trial court conflated the no-contact analysis as to minors generally with the no-contact analysis necessary to interfere

3

with DeLeon's fundamental right to the companionship of his children. Furthermore, the trial court did not analyze on the record whether less restrictive alternatives existed to achieve the State's interest. While it may be possible that such alternatives do not exist, the trial court must consider this issue on the record.

To ensure meaningful appellate review when a trial court affects a defendant's fundamental constitutional right to parent, trial courts must conduct the above analysis on the record. Because that did not occur here, and thus we cannot adequately review the issue, we remand for the trial court to conduct the required analysis on the record.

II.     LFOs

DeLeon argues, and the State agrees, that due to the 2018 amendments to the LFO statutes, we should strike the $200 criminal filing fee and interest-accrual provision of his judgment and sentence.

We remand for the trial court to reconsider the imposition of LFOs. On remand, the trial court should consider all of the LFOs in light of the 2018 amendments to the LFO provisions, Laws of 2018, ch. 269, and *State v. Ramirez*, 191 Wn.2d 732, 426 P.3d 714 (2018).

We remand.

_____
Melnick, J.

We concur:

_____
Maxa, C.J.

_____
Glasgow, J.

4