IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 36396-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THOMAS LEE BRAMBLEE, | ) | UNPUBLISHED OPINION |
| also known as THOMAS BRAMBLEE, | ) | |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Thomas Bramblee appeals his conviction for attempted second degree rape of a child. He argues the trial court erred by excluding an exculpatory statement, imposing a community custody condition, and imposing unauthorized legal financial obligations (LFOs). We affirm the conviction, but remand to the trial court to re-evaluate a community custody condition and possibly strike the LFOs.

Detective Kristl Pohl, part of a Washington State Patrol Task Force investigating child sex offenses, examined Craigslist advertisements that suggested interest in sexual activities with minors. She responded to a Craigslist advertisement posted by Mr. Bramblee that sought individuals interested in parent-child or siblings incest roleplay. Detective Pohl posed as a mother with a 12-year-old daughter named "Anna." The detective conversed with Bramblee to determine whether he wanted to have sex with

"Anna," a minor. While Mr. Bramblee feared police involvement, he eventually agreed to have sex with "Anna." Mr. Bramblee described the sexual acts he planned to perform on "Anna" and brought a condom to the house where he was to meet the mother and child.

Mr. Bramblee travelled to the house and officers arrested him. During his arrest, Mr. Bramblee made a statement that he was there for the mother (Detective Pohl). During a search, officers found a condom on Bramblee.

The trial court did not allow Mr. Bramblee to offer the statement that he went to the house only for the mother because Bramblee did not intend to testify. The court never determined whether the statement constituted an excited utterance.

A jury ultimately convicted Mr. Bramblee of attempted second degree child rape. The court imposed a low end standard range sentence. The LFOs included a $500 victim compensation fee, $200 criminal filing fee, and a $100 DNA collection fee. The court also imposed interest on the LFOs. Mr. Bramblee's community custody conditions included a requirement that he "not access social media sites to include chat forums, dating sites, or solicit sex on the Internet."

Mr. Bramblee timely appealed his conviction. A panel considered his appeal without hearing oral argument.

ANALYSIS

The appeal presents three issues, which we address in the following order: (1) the excluded statement, (2) the noted community custody condition, and (3) LFOs.

*Excluded Statement*

Under both the Sixth Amendment to the United States Constitution and art. I § 22 of the Washington Constitution, a defendant is entitled to present evidence in support of his defense. *State v. Strizheus*, 163 Wn. App. 820, 829-830, 262 P.3d 100 (2011). That right, however, does not include a right to present irrelevant or inadmissible evidence. *State v. Jones*, 168 Wn.2d 713, 720, 230 P.3d 576 (2010); *State v. Hudlow*, 99 Wn.2d 1, 15, 659 P.2d 514 (1983). As the proponent of the evidence, the defendant bears the burden of establishing relevance and materiality. *State v. Pacheco*, 107 Wn.2d 59, 67, 726 P.2d 981 (1986).

Trial court decisions to admit or exclude evidence are entitled to great deference and will be overturned only for manifest abuse of discretion. *State v. Luvene*, 127 Wn.2d 690, 706-707, 903 P.2d 960 (1995). Discretion is abused where it is exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971). A court also abuses its discretion when it applies the wrong legal standard. *State v. Rafay*, 167 Wn.2d 644, 655, 222 P.3d 86 (2009). We will only reverse for evidentiary error if the appellant demonstrates that the error likely affected the trial outcome. *State v. Barry*, 183 Wn.2d 297, 313, 352 P.3d 161 (2015).

Trial errors can be harmless. Error of constitutional magnitude is harmless if it is proved to be harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 24, 87 S. Ct. 824, 17 L. Ed. 2d 705 (1967). Evidentiary error is harmless if, within reasonable probability, it did not materially affect the verdict. *State v. Zwicker*, 105 Wn.2d 228, 243, 713 P.2d 1101 (1986).

The admission of an excited utterance is not dependent on whether the declarant is available as a witness. *State v. Ohlson*, 162 Wn.2d 1, 8, 168 P.3d 1273 (2007). A statement qualifies as an excited utterance under ER 803(2) if "(1) a startling event occurred, (2) the declarant made the statement while under the stress or excitement of the event, and (3) the statement relates to the event." *State v. Magers*, 164 Wn.2d 174, 187-188, 189 P.3d 126 (2008). Hearsay that is self-serving still may be admissible under ER 803. *State v. Pavlik*, 165 Wn. App. 645, 655-656, 268 P.3d 986 (2011).

The trial court erred when it excluded Mr. Bramblee's statement on the grounds that he did not testify. The declarant's availability is immaterial for ER 803. *Ohlson*, 162 Wn.2d at 8. Since the court did not analyze the statement, we are not in a position to determine whether the statement constituted an excited utterance.

Any error in excluding the statement was harmless. The exclusion of the statement did not deprive Mr. Bramblee of the opportunity to present his defense. He called a witness in support of an entrapment defense and otherwise challenged the State's

4

evidence against him. The court's decision to exclude the statement constituted, at most, an evidentiary error.

Admission of the statement would not have changed the trial outcome. Evidence before the jury included Mr. Bramblee's communication in which he expressed his desire to engage in sexual acts with "Anna." He arrived at the sting house with condoms as part of his plans to engage in sex with the fictitious minor. Meanwhile, Mr. Bramblee's statement during arrest did not align with his previous conversation where he agreed not to have sex with the mother, only the minor. The statement likely constituted an attempted alibi. We are convinced that admitting the statement would not change the trial outcome in light of all the other evidence.

If the court erred in excluding the statement, the error was harmless.

*Community Custody Condition*

Mr. Bramblee next argues that the court erred by imposing a requirement that he "not access social media sites to include chat forums, dating sites, or solicit sex on the Internet" during his term of community custody. There was no discussion concerning the necessity of this broad limitation. We therefore remand for the court to consider the scope of this condition.

A defendant's rights during community custody are subject to infringements authorized by the Sentencing Reform Act of 1981, ch. 9.94A RCW. *State v. Ross*, 129 Wn.2d 279, 287, 916 P.2d 405 (1996). Restrictions placed on a defendant's conduct

must be reasonably related to the offense for which the defendant was convicted. RCW 9.94A.030(10); *State v. Johnson*, 4 Wn. App. 2d 352, 358, 421 P.3d 969 (2018). In the absence of a timely objection in the trial court, we will not entertain on appeal a challenge to the factual basis for a crime-related condition. *State v. Casimiro*, 8 Wn. App. 2d 245, 249, 438 P.3d 137 (2019). However, a constitutional challenge to an overly broad condition can be considered on appeal. *State v. Bahl*, 164 Wn.2d 739, 744, 193 P.3d 678 (2008).

A condition is unconstitutionally overbroad when it infringes on a defendant's right to free speech or free association beyond what the State may legitimately regulate. *State v. Riles*, 135 Wn.2d 326, 346, 957 P.2d 655 (1998), *overruled on other grounds* by *State v. Valencia*, 169 Wn.2d 782, 239 P.3d 1059 (2010). The trial court must establish on the record that the condition is narrowly drafted to achieve the State's interest and that there is no other reasonable alternative to prevent undesired conduct related to the convicted offense. *State v. DeLeon*, 11Wn. App. 2d. 837, 840-841, 456 P.3d 405 (2020). Restrictions on social media use may violate an individual's First Amendment rights. *Packingham v. North Carolina*, 137 S. Ct. 1730, 1732, 198 L. Ed. 2d 273 (2017).

The trial court did not provide any analysis on the record regarding the social media restriction. We cannot determine whether the condition unnecessarily restricts Mr. Bramblee from legitimate First Amendment activities that are unrelated to the State's interest in preventing him from soliciting sex with minors. We remand this matter to the

trial court to perform the appropriate overbreadth analysis before imposing any social media restriction on Mr. Bramblee.

*Legal Financial Obligations*

Lastly, Mr. Bramblee challenges the $200 criminal filing fee and a provision imposing interest on his LFOs due to his indigency. The trial court may not impose discretionary LFOs on indigent defendants. *State v. Ramirez*, 191 Wn.2d 732, 750, 426 P.3d 714 (2018). Since we are remanding for reconsideration of the community custody condition, the trial court should strike the interest provision and, if Mr. Bramblee is indigent, strike the filing fee.

Affirmed and remanded.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, A.C.J.

WE CONCUR:

_____
Fearing, J.

_____
Siddoway, J.

7