**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 53940-3-II |
| Respondent, | |
| v. | |
| LANI MARIE DURAN, | PUBLISHED OPINION |
| Appellant. | |

GLASGOW, J.—Following the entry of an *Alford*[1] plea for residential burglary and unlawful imprisonment, Lani Marie Duran appeals her sentence. Duran argues that the trial court erred by entering a 10-year no contact order prohibiting her from having contact with the victim of unlawful imprisonment because the statutory maximum sentence for that crime is 5 years. Duran also argues that the judgment and sentence should be modified to clarify that her Social Security Administration assistance may not be attached, garnished, or encumbered for the collection of her legal financial obligations. The State does not object to remand for this clarification.

We conclude the trial court did not abuse its discretion and affirm the 10-year no contact order because the victim of the unlawful imprisonment was also a witness with relevant information about the burglary, a no contact order can be entered to protect a witness, and the maximum sentence for burglary is 10 years. But we remand for the requested clarification regarding Duran's Social Security assistance to be added to the judgment and sentence.

---

[1] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

FACTS

Duran was intent on locating her car, which she thought Harley Graf had. She jumped in front of a moving vehicle and pointed a firearm at the driver, Phan An. Duran forced An to drive her and Garrick Eckhardt to a location within a block of Tonya Lasher's apartment. During the drive, An was so afraid that he was shaking too much to operate the steering wheel, and Eckhardt had to steer.

Duran thought that Lasher could help her locate Graf and her car. When Lasher opened the door, Eckhardt and Duran, who was still brandishing a firearm, pushed past Lasher into the apartment. Duran held the firearm to Lasher's head and demanded that she contact Graf. At gunpoint, Duran then ordered Lasher and two others in the apartment, Morgan Chavez and Jefferey Davis, to give her and Eckhardt a ride.

Later, police investigated a disturbance at Duran's home. Outside, they met Graf who reported to police that Duran had threatened him while holding a firearm and told him he could not leave "until she heard what she wanted to hear from him." Clerk's Papers at 2. Graf managed to flee.

Duran was arrested and charged with kidnapping in the second degree while armed with a firearm (for kidnapping An), burglary in the first degree while armed with a firearm (for entering Lasher's apartment), felony harassment while armed with a firearm (for threatening Lasher), and two counts of unlawful imprisonment (for restraining Chavez and Davis). Pursuant to an *Alford* plea agreement, the State amended the charges to residential burglary and unlawful imprisonment (for restraining An). During the plea hearing, Duran acknowledged that the State would recommend 10-year no contact orders for all of the victims.

Following the State's recommendations, the trial court imposed concurrent terms of 10 months of incarceration for the residential burglary conviction and 8 months of incarceration for the unlawful imprisonment conviction. The trial court imposed legal financial obligations including a $500 crime victim assessment and a $100 felony DNA collection fee. The trial court did not include any restriction prohibiting Duran's Social Security assistance from being encumbered to pay these legal financial obligations. The trial court also prohibited Duran from having contact with Lasher, An, Chavez, and Davis for a period of 10 years. Duran did not object to the no contact orders.

Duran now appeals her sentence.

ANALYSIS

A.    No Contact Order

Duran argues for the first time on appeal that the trial court abused its discretion by making the duration of the no contact order for An 10 years because that exceeds the statutory maximum for unlawful imprisonment, which is 5 years. She asserts that remand is necessary for modification of the judgment and sentence to limit An's no contact order to 5 years.

As an initial matter, the State argues that Duran failed to raise this issue before the trial court, so we should not address it. But challenges to illegal or erroneous sentences, including the imposition of a penalty that does not comply with the sentencing statutes, can be raised for the first time on appeal. *State v. Bahl*, 164 Wn.2d 739, 744, 193 P.3d 678 (2008).

RCW 9.94A.505(9) authorizes trial courts to impose "crime-related prohibitions" as a part of any felony sentence. "Crime-related prohibitions" may include court orders "prohibiting conduct that directly relates to the circumstances of the crime for which the offender has been

convicted." RCW 9.94A.030(10). A no contact order with a victim or witness of a crime is an established crime-related prohibition that may be imposed for the duration of the statutory maximum term. *State v. Armendariz*, 160 Wn.2d 106, 108, 156 P.3d 201 (2007).

We review the imposition of crime-related prohibitions for abuse of discretion. *Id.* at 110. A court "abuses its discretion if its decision is manifestly unreasonable or [is] exercised on untenable grounds or for untenable reasons." *State v. Irwin*, 191 Wn. App. 644, 656, 364 P.3d 830 (2015). Such prohibitions are generally upheld if they are reasonably related to the crime. *State v. Riley*, 121 Wn.2d 22, 37-38, 846 P.2d 1365 (1993).

Duran argues that the trial court could impose, at most, a five-year no contact order protecting An because that is the maximum penalty for the crime for which An was a victim. But this ignores that people who were not victims, including witnesses, can also be protected by no contact orders.

In *Armendariz,* the defendant violated a no contact order by going to the apartment of Nonas-Truong, the protected party. 160 Wn.2d at 109. Armendariz left the apartment before police arrived, but then he returned and assaulted a police officer in the apartment. *Id.* The State charged Armendariz with misdemeanor violation of a no contact order and third degree assault, a class C felony with a maximum sentence of five years. *Id.* A jury found him guilty as charged. *Id.*

The trial court imposed a five-year no contact order prohibiting Armendariz from contacting Nonas-Truong. *Id.* On appeal, Armendariz argued that the trial court exceeded its statutory authority when it issued a five-year no contact order protecting Nonas-Truong as a part of the sentence for the felony third degree assault committed against the officer. *Id.* at 109-10. The Washington Supreme Court explained that the sentencing statutes gave the trial court authority to

impose no contact orders for witnesses. *Id.* at 113. The court held that the trial court did not exceed its authority when it imposed the five-year no contact order protecting Nonas-Truong as part of Armendariz's sentence for the third degree assault. *Id.* at 120. Although the court did not directly address the issue, the court's holding was not precluded by the fact that Nonas-Truong was not the victim of the assault.

Similarly, in *State v. Warren*, 165 Wn.2d 17, 23, 195 P.3d 940 (2008), the Supreme Court upheld a lifetime no contact order protecting a nonvictim. The defendant was convicted of one count of first degree child molestation and three counts of second degree rape. *Id.* First degree child molestation is a class A felony punishable by up to life in prison. RCW 9A.44.083(2), .20.021(1)(a). The trial court imposed lifetime no contact orders protecting not only the two child victims, but also their mother. Although the Supreme Court noted that it was a "close question," it nevertheless upheld the no contact order as to the mother because protecting her was "directly related to the crimes." *Warren*, 165 Wn.2d at 33-34. The court found a reasonable relationship between the crime and the condition because the defendant attempted to induce the mother not to cooperate in the prosecution of the crime, the mother testified against the defendant resulting in his conviction of the crime, and the defendant's criminal history included convictions for murder and beating the mother. *Id.* at 34.

Under *Armendariz* and *Warren*, the protected party for a no contact order need not be the victim of the crime used to calculate the maximum duration of the order, so long as there was a sufficient connection to the crime. Here, Duran entered an *Alford* plea, so there was no testimony at a trial. But the record shows that Duran held An at gunpoint to obtain transportation so she could carry out the residential burglary. Duran demanded, at gunpoint, that An transport her to Lasher's

5

apartment. An dropped Duran and Eckhardt off very near the location of the burglary on the night in question, making An a witness with relevant information about the burglary. Under *Armendariz*, this provided a sufficient connection to the burglary for the statutory maximum for the burglary to apply to the no contact order protecting An. Thus, the trial court did not abuse its discretion in imposing a 10-year no contact order.

B.       Legal Financial Obligations

Duran argues that remand is necessary for modification of the judgment and sentence to clarify that her Social Security assistance may not be attached, garnished, or otherwise encumbered for the collection of her legal financial obligations. The State does not oppose remand for a notation that Duran's legal financial obligations cannot be collected from her Social Security assistance.

Interpreting the Social Security Act's antiattachment statute, 42 U.S.C. § 407(a), the Supreme Court has held that "Social Security moneys cannot be reached to satisfy a debt." *State v. Catling*, 193 Wn.2d 252, 260, 438 P.3d 1174 (2019). Indeed, the statute provides that

> [t]he right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.

42 U.S.C. § 407(a). In *Catling*, the court remanded to the trial court for a revision of the judgment and sentence indicating that the legal financial obligations "may not be satisfied out of any funds subject to the Social Security Act's antiattachment statute." 193 Wn.2d at 266.

As it stands, the judgment and sentence does not explicitly exclude Duran's Social Security assistance from attachment to satisfy her legal financial obligations. Remand for clarification is appropriate in light of the State's agreement.

## CONCLUSION

We affirm the imposition of the no contact order protecting An for a period of 10 years, but we remand for the requested clarification regarding Duran's Social Security assistance to be added to the judgment and sentence.

Glasgow, J.

We concur:

Lee, C.J.

Worswick, J.