# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 59458-7-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| GARY MICHAEL FLETCHER, II, | |
| Appellant. | |

CHE, J. — Gary Fletcher appeals his sentence following his guilty plea to two counts of first degree assault of a child and one count of second degree child molestation for acts committed against his stepchildren. As part of his sentence, the trial court ordered that Fletcher have no contact with minors, including his biological children. Fletcher appeals arguing that the trial court abused its discretion by failing to conduct the requisite analysis on the record before limiting his fundamental right to parent. We agree. Thus, we strike the condition prohibiting contact with minors and remand to the trial court with instructions to consider, on the record, whether to impose the provision prohibiting contact with all minors, taking into consideration Fletcher's constitutional right to parent, the necessity of a provision prohibiting contact with all minors, and any viable, less restrictive alternatives that may exist.

No. 59458-7-II

In 2022, after Fletcher was convicted of raping one of his stepdaughter's friends in 2015, Fletcher's stepson disclosed that he had been sexually assaulted by Fletcher multiple times a week for two years between 2013 and 2015. The stepson also disclosed that Fletcher abused the stepdaughter. Law enforcement discovered child sexual abuse materials on Fletcher's cell phone. The State originally charged Fletcher with three counts of first degree child rape, three counts of first degree possession of depictions of a minor engaged in sexually explicit conduct, and one count of second degree possession of depictions of a minor engaged in sexually explicit conduct.

Fletcher entered a *In re Barr*[1] guilty plea to an amended information charging two counts of first degree assault of a child and one count of second degree child molestation. Fletcher stipulated to his criminal history, which included convictions for first degree child rape and third degree child rape. His sentence included a number of conditions, including the crime-related prohibition that Fletcher have no contact with minors.

At sentencing, Fletcher requested that the crime related prohibition that he have no contact with minors include an exception for his two biological children who were not victims in the case. The trial court declined Fletcher's request, explaining:

> I think it's really a rare case where the Court orders that you have no contact with minors. It makes no exception to that when none of the minors that are the named victims here, are your biological children. And yet, I don't mean this as punishment; this is more of a protection of your kids' issue. The information in the PSI is just so replete with allegations that you have sexually abused young children in your care, siblings, step-kids, close family members who are minors who are very young and doing so repeatedly and being charged or convicted for it and thereafter continuing in this pattern. And I know you're going to be in the

[1] *In re Pers. Restraint of Barr,* 102 Wn.2d 265, 684 P.2d 712 (1984).

2

Department of Corrections for an extended period of time. I worry, however, about the harm that I will be inflicting on your kids if I order anything other than no contact with minors, period, no exceptions; and so that will be what I'm ordering.

Rep. of Proc. (RP) (Sept 25, 2023) at 18-19.

Fletcher sought clarification with the trial court whether once his children turned 18 the no-contact provision would no longer apply to them. The court confirmed that when Fletcher's biological children become adults, they can determine whether to have contact with Fletcher.

Fletcher appeals.

ANALYSIS

Fletcher argues that the trial court abused its discretion by prohibiting him from contacting his biological children without conducting the requisite inquiry on the record. We agree.

RCW 9.94A.505(9) authorizes the trial court to impose "crime-related prohibitions" as part of a sentence. A crime-related prohibition prohibits "conduct that directly relates to the circumstances of the crime for which the offender has been convicted." RCW 9.94A.030(10). No contact provisions in a judgment and sentence can be crime-related prohibitions. *State v. Duran*, 16 Wn. App. 2d 583, 587, 481 P.3d 623 (2021).

We review a trial court's imposition of crime-related prohibitions and community custody provisions for an abuse of discretion. *Id*. (crime-related prohibitions); *State v. Wallmuller*, 194 Wn.2d 234, 238, 449 P.3d 619 (2019) (community custody provisions). And the abuse of discretion standard applies even if the constitutional right to parent is implicated. *In re Pers. Restraint of Rainey*, 168 Wn.2d 367, 374-75, 229 P.3d 686 (2010). However, when a

condition interferes with the right to parent, the condition must be sensitively imposed and reasonably necessary to accomplish the essential needs of the State and public order. *Id*. at 377.

"A parent has a fundamental constitutional right to the care, custody, and companionship of their children." *State v. DeLeon*, 11 Wn. App. 2d 837, 841, 456 P.3d 405 (2020). The State may burden this right only if doing so is "reasonably necessary to prevent harm to a child." *Id*. "Such conditions 'must be narrowly drawn' and '[t]here must be no reasonable alternative way to achieve the State's interest.'" *Id*. (alteration in original) (internal quotation marks omitted) (quoting *State v. Warren*, 165 Wn.2d 17, 34-35, 195 P.3d 940 (2008)).

Before the trial court can prohibit a defendant from ever contacting their children, it must (1) address the defendant's constitutional right to parent; (2) explain why the no contact order is reasonably necessary to achieve the State's interest in protecting the defendant's children; and (3) analyze whether less restrictive alternatives exist. *Id*. at 841-42; *State v. Martinez Platero*, 17 Wn. App. 2d 716, 725, 487 P.3d 910 (remanding to trial court for failure to "analyze whether [the defendant] should be prohibited from contacting his . . . daughter before" prohibiting him from having any contact with minors absent supervision).

Fletcher likens this case to *DeLeon*.[2] In *DeLeon*, this court held that remand was necessary for the trial court to conduct the requisite analysis of DeLeon's fundamental constitutional right to parent. *Id*. at 841-42. There, the trial court stated that it was prohibiting DeLeon from having contact with all minors, including his biological children, who were not named victims in DeLeon's convictions, because of "the danger . . . to society." *Id*. at 839. The trial court did not acknowledge the impact the order would have on DeLeon's constitutional right

---

[2] *State v. DeLeon*, 11 Wn. App. 2d 837, 456 P.3d 405 (2020).

to parent, nor did it discuss whether prohibiting all contact with DeLeon's minor children was reasonably necessary to achieve a compelling state interest or whether any less restrictive alternatives existed. *Id.* We held that the trial court's analysis on the record was insufficient to ensure meaningful appellate review where the trial court's decision affected a defendant's fundamental constitutional right to parent and remanded for the trial court to conduct the required analysis on the record. *Id.* at 841-42.

Unlike in *DeLeon*, the trial court here did not rest its decision on a broad "danger to society." Nonetheless, the trial court failed to sufficiently conduct the requisite analysis on the record. The trial court did not consider Fletcher's constitutional right to parent or why no contact with all minors, including Fletcher's children who were not named victims in Fletcher's convictions, was reasonably necessary to achieve the State's interest in protecting minors from harm. The trial court acknowledged the notion of less restrictive alternatives to a total prohibition on contacting minors, but categorically dismissed the idea without exploring any possibilities: "I worry, however, about the harm that I will be inflicting on your kids if I order anything other than no contact with minors, period, no exceptions." RP at 18-19.

We hold that the trial court's explanation on the record insufficiently considered the three factors required before infringing on Fletcher's fundamental right to parent. Accordingly, the trial court abused its discretion, and we strike the condition prohibiting contact with minors and remand to the trial court with instructions to consider, on the record, whether to impose a provision prohibiting contact with all minors, taking into consideration Fletcher's constitutional right to parent, the necessity of a provision prohibiting contact with all minors, and any viable, less restrictive alternatives that may exist.

5

No. 59458-7-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Che, J.

We concur:

Maxa, P.J.

Lee, J.