# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 60097-8-II |
| Respondent, | |
| v. | ORDER GRANTING MOTION |
| | FOR RECONSIDERATION AND ORDER |
| PAUL THOMAS CLARK, | AMENDING OPINION |
| Appellant. | |

Appellant moves for reconsideration of the court's September 23, 2025 opinion. Upon consideration, the court grants appellant's motion and amends the opinion to add the following footnote at the end of subsection B(6) on page 10:

"Clark also argues that an exception should be made for marijuana that is legally authorized under the medical marijuana statute, which allows a health care professional to authorize the medical use of marijuana. RCW 69.51A.030 (2)(a). But this court rejected this argument in *State v. Houck*, 9 Wn. App. 2d 636, 650-53, 446 P.3d 646 (2019); see also RCW 69.51A.055(1)(a). We agree with *Houck*."

No. 60097-8-II

We do not amend any other portion of the opinion or the result. Accordingly, it is

SO ORDERED.

PANEL: Jj. Maxa, Lee, Che

FOR THE COURT:

_____
MAXA, P.J.

We concur:

_____
LEE, J.

_____
CHE, J.

2

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 60097-8-II |
| Respondent, | |
| v. | |
| PAUL THOMAS CLARK, | UNPUBLISHED OPINION |
| Appellant. | |

MAXA, P.J. – Paul Clark challenges several community custody conditions imposed following his convictions of two counts of first degree possession of depictions of a minor engaged in sexually explicit conduct, one count of second degree possession of depictions of a minor engaged in sexually explicit conduct, felonious communication with a minor for immoral purposes, and first degree incest. He also argues that certain legal financial obligations, community custody supervision fees, and a domestic violence protection order fine were improperly imposed.

We remand for the trial court to (1) either conduct an analysis on the record regarding condition 11, which prohibits contact with minors, in light of Clark's fundamental constitutional right to parent or strike that condition; (2) strike condition 15, which prohibits possession of dangerous or deadly weapons; (3) modify conditions 6 and 22 and other condition 17 in appendix H, which relate to polygraph testing, to remove the "no deception" language; (4) strike

the drug paraphernalia provision in condition 21 in appendix H, which prohibits Clark from purchasing, possessing, or using drug paraphernalia; (5) strike other condition 24 in appendix H, which prohibits entry into business where alcohol and marijuana is the primary commodity for sale; (6) modify other condition 13 in appendix H to clarify that the urinalysis testing condition is solely for monitoring purposes; (7) strike the community custody supervision fees set forth in condition 20.3 and mandatory condition 5 in appendix H; (8) strike the victim penalty assessment (VPA) and the DNA collection fee; and (9) strike the domestic violence protection order fine. We reject Clark's challenges to other community custody conditions.[1]

Accordingly, we affirm in part and reverse in part, and we remand for the trial court to take further action consistent with this opinion.

## FACTS

*Background*

In November 2021, Clark pleaded guilty to two counts of first degree possession of depictions of a minor engaged in sexually explicit conduct, one count of second degree possession of depictions of a minor engaged in sexually explicit conduct, felonious communication with a minor for immoral purposes, and first degree incest. The incest victim was Clark's stepdaughter.

---

[1] Clark also assigned error to condition 12, which states that he shall have "No internet access," Clerk's Papers (CP) at 57; condition 23, which states that Clark "shall not possess, use, or have access to, any computer or device with any access to the internet," CP at 58; and other condition 19 in appendix H, which provides that Clark shall "not access the internet, email, or any and all social media sites without permission from CCO and treatment provider." CP at 65. On May 19, 2025, the trial court entered an agreed order striking the three challenged internet-related community custody conditions and replacing them with the following: "Do not use or access the World Wide Web unless specifically authorized by the community custody officer through approved filters." Accordingly, we do not address Clark's challenges to the internet-related community custody conditions.

In December 2021, the trial court entered the judgment and sentence. The court sentenced Clark to 77 months of total confinement and 36 months of community custody. The judgment and sentence included a number of community custody conditions.

The trial court found that Clark was indigent as defined by RCW 10.101.010(3)(a)-(c). The judgment and sentence ordered Clark to pay the $500 VPA, the $100 DNA collection fee, and the $15 domestic violence assessment fine.

*Procedural History*

In August 2022, Clark – representing himself – filed a CrR 7.8 motion challenging a number of community custody conditions in the judgment and sentence. Clark challenged conditions 3 and 11 and condition 30 in appendix H, all of which proscribed all contact with minors. The trial court modified condition 3, which prohibited Clark from contacting juveniles under 18 years of age, by adding an exception to allow Clark to contact his sons. The court also struck condition 30 in appendix H, which stated that Clark shall have no contact with minor aged children. The trial court did not modify or strike condition 11, which stated that Clark shall "[h]ave no contact with juveniles under 18 years of age." CP at 53.

Clark appeals certain community custody conditions, legal financial obligations, and the domestic violence protection order fine included in his judgment and sentence.

ANALYSIS

A.    LEGAL PRINCIPLES

1.   Standard of Review

We review the imposition of community custody conditions for an abuse of discretion. *State v. Padilla*, 190 Wn.2d 672, 677, 416 P.3d 712 (2018). "A trial court abuses its discretion if

it imposes an unconstitutional condition." *Id*. We do not presume that community custody conditions are valid. *State v. Irwin*, 191 Wn. App. 644, 652, 364 P.3d 830 (2015).

    2.    Vagueness

Community custody conditions that are vague are unconstitutional under the Fourteenth Amendment to the United States Constitution and article I, section 3 of the Washington Constitution. *State v. Nguyen*, 191 Wn.2d 671, 678-79, 425 P.3d 847 (2018). Community custody conditions are unconstitutional if they (1) do not define the condition " 'with sufficient definiteness that ordinary people can understand what conduct is proscribed, or (2) . . . [do] not provide ascertainable standards . . . to protect against arbitrary enforcement.' " *Id*. at 678 (quoting *State v. Bahl*, 164 Wn.2d 739, 752-53, 193 P.3d 678 (2008)).

" '[A] community custody condition is not unconstitutionally vague merely because a person cannot predict with complete certainty the exact point at which his actions would be classified as prohibited conduct.' " *Padilla*, 190 Wn.2d at 677 (quoting *State v. Sanchez Valencia*, 169 Wn.2d 782, 793, 239 P.3d 1059 (2010)). Rather, the question is whether fair minded citizens have fair warning of the proscribed conduct. *State v. Wallmuller*, 194 Wn.2d 234, 239, 449 P.3d 619 (2019). And they do if "ordinary people can understand what is and is not allowed, and are protected against arbitrary enforcement." *Id*. (quoting *Sanchez Valencia*, 169 Wn.2d at 791).

When deciding a vagueness challenge, we consider the terms of the context in which they are used. *In re Pers. Restraint of Ansell*, 1 Wn.3d 882, 898, 533 P.3d 875 (2023). "Community custody conditions should be 'read in a commonsense fashion in the context of the judgment and sentence, and related documents that will be available to [the community corrections officer

(CCO)].' " *Id.* (alteration added) (quoting *State v. Johnson*, 197 Wn.2d 740, 748, 487 P.3d 893 (2021)).

3.   Mandatory and Discretionary Conditions

Under RCW 9.94A.703(2)(c), the trial court must require an offender to "[r]efrain from possessing or consuming controlled substances except pursuant to lawfully issued prescriptions" unless waived by the court.  And under RCW 9.94A.703(3)(e), the trial court in its discretion may order an offender to "[r]efrain from possessing or consuming alcohol."

4.   Crime Related Conditions

Under RCW 9.94A.703(3)(f), the trial court may require an offender to "[c]omply with any crime-related prohibitions."  A crime related prohibition must "directly relate[] to the circumstances of the crime for which the offender has been convicted."  RCW 9.94A.030(10).  There must be a basis for connecting the condition to the crime.  *State v. Geyer*, 19 Wn. App. 2d 321, 331, 496 P.3d 322 (2021).

Determining whether community custody conditions are crime related is discretionary, and a trial court does not abuse its discretion if there is a reasonable relationship between the crime of conviction and the condition.  *Nguyen*, 191 Wn.2d at 683-84.

B.   COMMUNITY CUSTODY CONDITIONS

1.   Geographic Restriction

Clark argues that mandatory condition 9 in appendix H, which requires him to "[r]emain within geographic boundary, as set forth in writing by the [CCO]," CP at 65, is unconstitutionally vague.  We disagree.

In this condition, the trial court did not impose a specific geographic limitation.  Instead, it clearly and unambiguously required Clark to comply with a limitation to be imposed by the

CCO. Any reasonable person would understand what is prohibited: geographic restrictions that the CCO sets forth in writing.

And the court did not grant the CCO "unbridled discretion to proscribe conduct because [DOC's] authority is defined by statute." *State v. Ortega*, 21 Wn. App. 2d 488, 496, 506 P.3d 1287 (2022). RCW 9.94A.704(7)(b) limits DOC's authority to conditions "reasonably related to . . . [t]he crime of conviction, the offender's risk of reoffending, or the safety of the community." Therefore, any CCO-imposed geographical limitation must be reasonably related to one of those three categories.

Division One of this court recently held that the geographic boundaries condition is not vague. *State v. Lundstrom*, ___ Wn. App. 2d ___, 572 P.3d 1243, 1245-47 (2025). We agree. Therefore, we reject Clark's argument.

2. Restriction on Access to Minors

Clark argues that condition 11, which orders that he "[h]ave no contact with juveniles under 18 years of age," CP at 57, must be stricken because it violates his constitutional right to parent. We remand for the trial court to conduct a careful analysis on the record regarding condition 11 and its interplay with Clark's constitutional right to parent on the record or strike condition 11.

In a CrR 7.8 motion, Clark challenged a number of community custody conditions, including condition 3, condition 11, and condition 30 in appendix H. The trial court struck condition 30 in appendix H, which stated that Clark shall have "[n]o contact with minor aged children." CP at 100. The trial court also amended condition 3 to add an exception for Clark to contact his sons. But the trial court left condition 11 intact.

A parent's care, custody, and companionship of their children is a fundamental constitutional right. *State v. DeLeon*, 11 Wn. App. 2d 837, 841, 456 P.3d 405 (2020). "More careful review of sentencing conditions is required where those conditions interfere with a fundamental constitutional right." *State v. Warren*, 165 Wn.2d 17, 32, 195 P.3d 940 (2008). Sentencing conditions that interfere with parenting rights must be " 'reasonably necessary to accomplish the essential needs of the State and public order.' " *DeLeon*, 11 Wn. App. 2d at 840-41 (quoting *Warren*, 165 Wn.2d at 32). In addition, such conditions " 'must be narrowly drawn,' " and " '[t]here must be no reasonable alternative way to achieve the State's interest.' " *DeLeon*, 11 Wn. App. 2d at 841 (quoting *Warren*, 165 Wn.2d at 34-35).

A trial court can impose a condition restricting a defendant's access to his or her own children only if the condition is "reasonably necessary to further the State's compelling interest in preventing harm and protecting children." *State v. Corbett*, 158 Wn. App. 576, 598, 242 P.3d 52 (2010).

"[T]he interplay of sentencing conditions and fundamental rights is delicate and fact-specific, not lending itself to broad statements and bright line rules." *In re Pers. Restraint of Rainey*, 168 Wn.2d 367, 377, 229 P.3d 686 (2010). The trial court must conduct this inquiry on the record. *DeLeon*, 11 Wn. App. 2d at 841. The trial court must expressly "(a) consider the constitutional right to parent, (b) explain why the no-contact provision is necessary, and (c) explore whether any viable less restrictive alternatives exist." *State v. Reedy*, 26 Wn. App. 2d 379, 392, 527 P.3d 156, *review denied,* 1 Wn.3d 1029 (2023). Remand is required if the trial court does not address the defendant's constitutional right to parent before prohibiting all contact with their children. *DeLeon*, 11 Wn. App. 2d at 841-42.

The trial court did not address Clark's constitutional right to parent on the record with regard to condition 11. Accordingly, we remand for the trial court either to conduct a careful analysis of the interplay between condition 11 and Clark's constitutional right to parent or to strike condition 11.

### 3. Prohibition of Possession of Dangerous or Deadly Weapons

Clark argues, and the State concedes, that other condition 15, which prohibits Clark from possessing dangerous or deadly weapons, must be stricken from his judgment and sentence. We accept the State's concession and remand for the trial court to strike this condition.

### 4. Polygraph Condition

Clark argues, and the State concedes, that community custody conditions 6 and 22 and other condition 17 in appendix H, which require him to submit to polygraph tests and to not be found deceptive or not show deception, should be amended to strike the requirement that Clark must not show deception. We accept the State's concession and remand for the trial court to strike the deception language in these conditions.

### 5. Drug Paraphernalia Condition

Clark argues, and the State concedes, that the drug paraphernalia provision in other condition 21 in appendix H, which states that Clark cannot "purchase, possess, or use any illegal controlled substance, or drug paraphernalia without the written prescription of a licensed physician," CP at 65, must be stricken from his judgment and sentence. We accept the State's concession and remand for the trial court to strike the drug paraphernalia provision from this condition.

6.    Alcohol, Marijuana, and Controlled Substances Conditions

Clark argues that the community custody conditions ordering him to not unlawfully possess controlled substances, enter businesses where alcohol or marijuana is the primary commodity for sale, and preventing him from purchasing, possessing, or consuming alcohol or marijuana are not crime related and must be stricken or modified.  We agree in part.

Mandatory condition 4 in appendix H states that Clark, "[w]hile in community custody not unlawfully possess controlled substances."  CP at 65.  Other condition 23 in appendix H states that Clark cannot "purchase, possess, or consume alcohol or marijuana."  CP at 65.  And other condition 24 in appendix H states, "Do not enter any business where alcohol or marijuana is the primary commodity for sale."  CP at 65.

The community custody conditions prohibiting the possession or use of nonprescription controlled substances are waivable conditions under RCW 9.94A.703(2)(c).  Marijuana is a Schedule I controlled substance.  RCW 69.50.204(c)(17).  Therefore, the trial court had authority to impose restrictions on the possession and consumption of marijuana in mandatory condition 4 and other condition 23 in appendix H even though they were not related to Clark's underlying crimes.  *See In re Pers. Restraint of Brettell*, 6 Wn. App. 2d 161, 173, 430 P.3d 677 (2018).  And RCW 9.94A.703(3)(e) expressly states that a trial court may impose a condition requiring an offender to "[r]efrain from possessing or consuming alcohol."  Therefore, there is no requirement that other condition 23 in appendix H be crime related.

Other condition 24 in appendix H prohibits Clark from entering establishments where alcohol or marijuana is the primary item for sale.  RCW 9.94A.703(3)(f) authorizes the trial court to enact crime related prohibitions as part of community custody conditions.  There is no

11

evidence in the record that Clark's offenses involved alcohol or marijuana. Therefore, other condition 24 in appendix H is not directly related to Clark's crimes.

Accordingly, we hold that the trial court did not abuse its discretion when it imposed mandatory condition 4 in appendix H and other condition 23 in appendix H. But the trial court erred when it imposed other condition 24 in appendix H because the restriction on entering establishments where alcohol and marijuana is the primary item for sale prohibits conduct that is not directly related to Clark's crimes. We remand to the trial court to strike other condition 24 in appendix H.

7.     Urinalysis Condition

Clark argues that other condition 13 in appendix H, which provides that Clark must "[s]ubmit to urinalysis testing as directed by CCO," CP at 65, is unconstitutional because it invades his right to privacy. We conclude that this condition must be modified.

The Supreme Court recently noted,

> Our state constitution guarantees that "[n]o person shall be disturbed in [their] private affairs, or [their] home invaded, without authority of law." Wash. Const. art. I, § 7. Article I, section 7 requires a two-pronged inquiry to determine if a violation has occurred: "(1) whether the contested state action "disturbed" a person's 'private affair[s]' and, if so, (2) whether the action was undertaken with 'authority of law.' " [*State v. Olsen*, 189 Wn.2d 118, 123, 399 P.3d 1141 (2017)] (alteration in original) (quoting *State v. Reeder*, 184 Wn.2d 805, 814, 365 P.3d 1243 (2015)).

*State v. Nelson*, 4 Wn.3d 482, 501, 565 P.3d 906 (2025).

A person on probation has less constitutional privacy protection than other citizens. *Id*. But urinalysis and breath testing both disturb a person's private affairs and are searches that implicate these reduced privacy interests under article I, section 7. *Id*.

"As to the second prong of the article I, section 7 inquiry, the [urinalysis and breath analysis] testing conditions are supported by 'authority of law' if, but only if, they serve 'a

compelling interest, achieved through narrowly tailored means.' " *Id*. at 503 (quoting *Olsen*, 189 Wn.2d at 128). In *Nelson*, the Supreme Court held that a similar testing condition was supported by authority of law when a judgment and sentence entered imposing a special sex offender sentencing alternative contained a condition that the defendant refrain from using alcohol and drugs. 4 Wn.2d at 503. Similarly here, mandatory conditions 4, 23, and 24 in appendix H are supported by authority of law because the court imposed a community custody condition prohibiting the use of alcohol and marijuana.

The court in *Nelson* also found that the urinalysis and breath analysis conditions, as written, were "narrowly tailored – not random – for monitoring purposes." *Id*. But the conditions in *Nelson* differ from other condition 13 in appendix H because they stated that the defendant was required to submit to testing "to ensure no alcohol consumption" and "to ensure drug-free status." *Id*. at 488. Here, in contrast, the testing condition is not limited to ensuring drug-free status or compliance. It merely provides that Clark must "[s]ubmit to urinalysis testing as directed by CCO." CP at 65. Because this condition is not limited to ensuring compliance, it would not preclude the CCO or treatment provider from ordering testing for other purposes not related to compliance or enforcement of the alcohol and marijuana condition.

Because this condition is not narrowly tailored, we remand to the trial court to modify this condition to clarify that is solely for monitoring purposes.

8.    Community Custody Supervision Fees

Clark argues, and the State concedes, that the requirement in condition 20.3 and mandatory condition 5 in appendix H that Clark pay community custody supervision fees, must be stricken. In 2022, the legislature eliminated the trial courts' ability to impose community custody supervision fees. *See* LAWS OF 2022, ch. 29, § 7. RCW 9.94A.703, which dictates the

conditions of community custody, no longer allows for the imposition of community custody supervision fees on convicted defendants. We accept the State's concession and remand for the trial court to strike the community custody supervision fees.

## C. OTHER PROVISIONS

Clark argues, and the State concedes, that the VPA, the DNA collection fee, and the domestic violence protection order fine should be stricken from his judgment and sentence. We agree.

Effective July 1, 2023, RCW 7.68.035(4) prohibits courts from imposing the VPA on indigent defendants as defined in RCW 10.01.160(3). *See State v. Ellis*, 27 Wn. App. 2d 1, 16, 530 P.3d 1048 (2023), *review granted*, 4 Wn.3d 1009 (2025). For purposes of RCW 10.01.160(3), a defendant is indigent if they meet the criteria in RCW 10.101.010(3). Although this amendment took effect after Clark's sentencing, it applies to cases pending on appeal. *Ellis*, 27 Wn. App. 2d at 16. The trial court determined that Clark was indigent under RCW 10.101.010(3)(a)-(c), and therefore the VPA cannot be imposed.

Similarly, former RCW 43.43.7541 (2018) required every sentence to include a $100 DNA collection fee unless the offender's DNA previously had been collected. However, the legislature eliminated this provision effective July 1, 2023. LAWS OF 2023, ch. 449 § 4. Although this amendment took effect after Clark's sentencing, it applies to cases pending on appeal. *Ellis*, 27 Wn. App. 2d at 16. Therefore, the DNA collection fee cannot be imposed.

Finally, former RCW 26.50.110(1)(b)(ii) (2018) mandates a $15 fine when a domestic violence protection order has been violated. But Clark was not convicted of violating a domestic violence protection order. Therefore, the domestic violence protection order fine cannot be imposed.

Accordingly, we hold that the provisions regarding the VPA, the DNA collection fee, and the domestic violence protection order fine must be stricken from the judgment and sentence.

CONCLUSION

We affirm in part and reverse in part, and we remand for the trial court to take further action consistent with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, P.J.

We concur:

LEE, J.

CHE, J.